**JARED J. SCHARF**
ATTORNEY AT LAW
1025 WESTCHESTER AVENUE • SUITE 305
WHITE PLAINS, NEW YORK 10604
(914) 682-9777

JARED J. SCHARF

ADAM L. SCHARF *

*NY , NJ BARS

November 6, 2007

Honorable Charles L. Brieant
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

                      Re:    United States v. Elia
                               Docket No. 07 Cr. 543 (CLB)

Dear Judge Brieant:

      I write in behalf of defendant Yehezkel Elia to request additional time to complete discovery and to file motions. The reason for this request is the limited progress to date in obtaining discovery from the government and, as a result, in reviewing that discovery to prepare for trial. We are scheduled to appear in court November 13, 2007, for a conference in this matter. At that time, we will request an additional three months to prepare for trial in order to afford the defense additional time to inspect one category of discovery material that the government has provided us, which consists of 40 to 50 boxes of financial information and invoices from suppliers of defendant's stores, and to obtain from the government other categories of discovery we requested in June and July, but have not yet received.

      There are three forms of discovery that the defense needs to inspect and photocopy: (a) items seized pursuant to the execution of search warrants ("search material"), discoverable under Rule 16(a)(1)(E)((iii), Fed. Rules Crim. Proc., (b) items, including invoices, that the grand jury obtained from third parties ("third party material"), discoverable under Rule 16(a)(1)(E)(i), and (c) other specific items we have requested that are discoverable under Rule 16(a)(1)(E)(iii). Nor have we received items that the government intends to use in its case in chief, as we are entitled to receive under Rule 16(a)(1)(E)(ii). We will also need to identify and then obtain other items from third parties under Rule 17(c), Fed. Rules Crim. Proc.

Honorable Charles L. Brieant
November 6, 2007          Page 2

    Our primary objective is to obtain evidence of additional costs that would reduce or eliminate the "substantial tax due and owing" element of the offense of willful attempt to evade income taxes pursuant to Title 26, United States Code, Section 7201 . The government charges, and the defense substantially concedes, that Mr. Elia used cash from his retail stores to purchase money orders. The defense alleges, and the government essentially has conceded, that Mr. Elia used numerous money orders to pay for inventory for his stores. Of course, such purchases reduce the tax loss. The parties' difference of opinion centers around the degree to which Mr. Elia used money orders to purchase inventory for his stores. Such purchases could only be established by gathering, accounting for, and adding up all the purchase invoices. We have had considerable difficulty gathering all the invoices. In addition, we have requested from the government printouts of the Postal Services database itemizing all the money orders Mr. Elia purchased. This database of money orders would assist us in identifying the invoices we paid. The government has not responded to this request, as well as to others. That database is extremely "material to preparing the defense," under Rule 16(a)(1)(E)(i).

    In the two years prior to the indictment, the defense requested that the government make available the search material it seized from Mr. Elia's office and stores pursuant to search warrants (category (a) above), as was defendant's right pre-indictment under Rule 41(g). After prolonged negotiations, we were given the opportunity to pay for the copying of the invoices seized in the search. After extensive inspection and analysis of these invoices during the pre-indictment period, it was apparent to the defendant and his accountants that only a portion of the seized invoices were made available.

    Following our first appearance in court June 20, we requested, on June 21, the complete set of search material, among other things, including the missing invoices. We were not given access to the original search material until July 20. In our review of this material in approximately eight four-hour sessions beginning July 20, we identified numerous invoices that had not been provided to us during the pre-indictment period, and we requested copies of these previously undisclosed invoices. Our accountants' laborious analysis of invoices over the two-year period before the indictment was rendered essentially useless due to the incomplete disclosure at that time.

    In September, the government sent what we were told consists of all the invoices that we had requested to a contract copying service. The first 17 boxes of copied material were made available to us September 17. An additional 26 boxes have been available since October 8. We have not completed our analysis of the first 17 boxes. We expect to take delivery of the additional 26 boxes this week. (Our delay since October 8 is for the purpose of enabling defendant to raise the thousands of dollars needed to pay for the copying. However, this delay since October 8 has not delayed our analysis of the invoices that were made available to us September 17.)

Honorable Charles L. Brieant
November 6, 2007            Page 3


In addition, we have received from the government only a negligible response to our requests for particular items (other than invoices) that are material to the preparation of the defense (category (c) above). Many of our requests have been disregarded, including our request for the Postal Service's database of the money orders.

On August 17, 2007, when I last wrote to the Court to request additional time, I stated that I was confident that the government eventually would provide responses to our requests for discovery. Therefore, I was reluctant at that time to prepare and file a discovery motion at considerable cost to the defendant, knowing that the result of such a motion would be a response from the government stating, predictably, that it is aware of its discovery obligations, that it previously provided yet other abundant material not referred to in the motion, and that it will continue to cooperate, etc. Instead, I simply requested additional time to complete the discovery process, to file a discovery motion in the event the government does not fully respond to our requests hereafter, and to prepare and file motions. Since that time, the only progress that has been made is the delivery of the invoices for copying at defendant's expense.

Moreover, I cannot prepare a motion for Rule 17(c) subpoenas for invoices that still may be missing until we identify what additional invoices we require and the manufacturers from whom we require them, which we cannot do until we complete our inspection of the invoices now being made available, as well as our inspection of the Postal Service Money Order database.

We requested this database on July 23. In the government's response dated July 24, it stated that it "will not be responding to Mr. Scharf's daily letters." I had not sent the government "daily letters." I had sent five letters requesting discovery between June 21 and July 23. Only the letter of July 23 requested the Postal Service data regarding money orders.

Based on the foregoing, I respectfully request that the defense be afforded additional time in order to receive the government's long-awaited responses to our discovery requests, to analyze the discovery once it is received, and to file motions.

Thank you very much.

                                                    Respectfully,

                                                    Jared J. Scharf

cc:  Cynthia K. Dunne, Esq.
     Joseph A. Vita, Esq.