```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA,

    -against-                                   AFFIRMATION

YEHEZKEL ELIA AND DAVID ELYAHO,          07 Cr. 543 (CLB)

                Defendants.

-----------------------------------x

STATE OF NEW YORK       )
COUNTY OF WESTCHESTER   )   ss.:
```

JOSEPH A. VITA, ESQ., an attorney duly admitted to practice before the Courts of the State of New York and in the United States District Court, Southern District of New York, affirms the following under penalty of perjury.

1. That I am the attorney for DAVID ELYAHO, a co-defendant in the above matter, having been appointed by the Court under the Criminal Justice Act.

2. That I submit this affirmation in support of defendant's motion for the relief enumerated in the annexed Notice of Motion.

3. That the statements made herein are made upon information and belief, the sources of my information and grounds for belief being a review of the Court records, discovery materials provided by the Government, conversations

1

with the prosecutor, the co-defendant's attorney, and materials and information obtained in the defense investigation on this matter.

4.   The twenty eight count indictment contains a single conspiracy count and 27 substantive counts of tax evasion. Yehezkel Elia is charged with tax evasion and false returns as to individual tax returns (counts 2-5, 25-28); and corporate tax returns for three separate business entities; SneakerMania (counts 6-8, 18-20); Final Touch (counts 9-11, 21-22) and PizzaMania (counts 12-13, 23-24).  David Elyaho is charged with tax evasion as to individual tax returns (counts 14-17). Both defendants are charged together in a single conspiracy count (count 1) which relates to the business entity, Final Touch.

5.   In the indictment Yehezkel Elia is accused of evading individual income taxes totaling approximately $823,806.00 and corporate income taxes totaling approximately $846,062.00. David Elyaho is accused of evading only individual income taxes totaling approximately $27,294.00.

5.   Both defendants were arraigned on the indictment on June 20, 2007, entered not guilty pleas and are presently released on bail.

6.   This motion is concerned with several distinct

issues which, for purposes of clarity and convenience, are treated under separate subheadings.

7.  A memorandum of law is being submitted with this motion. Among the issues addressed in greater detail in the memorandum of law are motions (1) to dismiss count 1 of the indictment upon the grounds of improper duplicity in accordance with Fed. R. Crim. P. 12(b)(3)(B); (2) seeking to sever the counts in which David Elyaho is named alone from the rest of the indictment due to misjoinder, Fed. R. Crim. P.8(b); (3) seeking to sever the case of David Elyaho from that of co-defendant Yehezkel Elia due to prejudicial joinder, Fed. R. Crim. P. 14; and (4) directing the government to make early discovery of a witness list, it's case-in-chief exhibits, witness statements and impeachment material, and Rule 404(b) evidence, if any.

8.  The following factual allegations pertain to the severance motions.

## MOTIONS FOR SEVERANCE

9.  Defendant contends that he is entitled to a separate trial from his co-defendant with regards to the charges against him.  David Elyaho is seeking to sever those counts relating to his individual tax liability (counts 14-17) from the charges relating to Yehezkel Elia (counts 2-13; 18-28).

Should the Court deny the motion to dismiss the single conspiracy count in which both defendants are joined, David Elyaho is requesting a severance and separate trial to commence after conclusion of his co-defendant's case.

10.  David Elyaho is not an officer, director or shareholder with respect to any of the business entities identified in the indictment as the ELIAS CORPORATIONS; i.e. Sneaker Mania, Inc. (SneakerMania), Final Touch Jewelry, Inc. (Final Touch), and Pizza Mania, Inc. (PizzaMania).  His only connection is with Final Touch where he has been employed as a manager. Any work he was doing in terms of record keeping was at the express direction of his brother, Yehezkel Elia, who is a shareholder, officer and director of this entity.  He had no responsibility, knowledge or involvement in the preparation or signing of any corporate tax returns.  He further had no knowledge of any corporate tax liabilities and no knowledge of his brother's individual tax liabilities.  Final Touch is the smallest of the business establishments referenced in this indictment both in terms of the store size, the volume of sales, and the alleged corporate tax liability.

11.  Yehezkel Elia will be a necessary exculpatory witness for David Elyaho with respect to the trial of conspiracy count 1 in the indictment which relates only to the

Final Touch business entity. It is believed that were he to testify, he would provide critical exculpatory evidence. He will be able to corroborate Mr. Elyaho's contention of his lack of involvement, intent and/or knowledge as to the Final Touch corporate filings and tax obligations.

However, based upon my discussions with Jared J. Scharf, Esq., attorney for Yehezkel Elia, it appears that no determination has been made at this point as to whether or not Mr. Elia will be testifying at a joint trial. If Mr. Elia elected not to testify at a joint trial, his counsel has indicated that he would move to bar David Elyaho from calling his brother as a witness and, further, would seek to bar Mr. Elyaho from commenting on Elia's invoking the fifth amendment privilege should he refuse to testify. Clearly David Elyaho would not be able to compel the testimony of Mr. Elia at a joint trial and should his brother assert the Fifth Amendment right to remain silent, David Elyaho would be unfairly deprived of this exculpatory evidence.

On the other hand, if a severance were granted; (1) David Elyaho would call the co-defendant as a witness at a separate trial; (2) based upon discussions with counsel for Yehezkel Elia, the co-defendant would testify on his brother's behalf; and, (3) as set forth above, his testimony would be

substantially exculpatory.

In such circumstances, Mr. Elyaho is entitled to be severed from Mr. Elia and tried separately, since once the Elia trial has been completed, his brother would be willing to testify for him without invoking his Fifth Amendment privilege and it is believed that his testimony would exculpate Mr. Elyaho with respect to the allegations in count one.

WHEREFORE, for the reasons stated herein and as further argued in the memorandum of law submitted with this motion, the undersigned respectfully requests that the Court grant the relief requested herein together with such other and further relief as to the Court may seem just and proper under the circumstances of this case.

Affirmed in Port Chester, New York
January 9, 2008

_____
Joseph A. Vita
Attorney for David Elyaho