UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA             :

   - against -                                    :    07 Cr. 543 (KMK)

YEHEZKEL ELIA and DAVID ELYAHO,      :

                Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

The United States respectfully requests that the Court include the following in its *voir dire* of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

### I. General Statement of the Case

This is a criminal case. There are two defendants in this case. The first defendant is YEHEZKEL ELIA. The second defendant is DAVID ELYAHO. Each defendant has been charged with violating certain provisions of the criminal laws of the United States. The charges are contained in an indictment that was voted by a Grand Jury. The indictment is not evidence itself but is a method by which the Government brings the defendant to Court, where the Government is required to prove the charges contained in the indictment beyond a reasonable doubt.

There are twenty-eight separate charges, or "Counts," contained in the indictment, each one of which must be considered separately. In summary form, the

indictment charges the defendants YEHEZKEL ELIA and DAVID ELYAHO with conspiring, or entering into an illegal agreement or understanding to defraud the United States and the Internal Revenue Service, and also with violating federal statutes making it a crime to attempt to evade income taxes and to file false tax returns.

We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to insure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

## II. The Parties

1. Does any juror know or has any juror had any dealings, directly, or indirectly, with the defendants, YEHEZKEL ELIA and DAVID ELYAHO, their family members, or with their attorneys, Jared Scharf and Joseph Vita? [The Court is requested to identify the defendants and their attorneys, as well as any experts for the defendant, such as either Bernard Katz or Jay Geuneth.]

2. The United States Government is represented in this case, as in all cases, by the United States Attorney for this District, who is Michael J. Garcia. Actually appearing in this case will be Assistant United States Attorneys Cynthia Dunne and Seetha Ramachandran. Assisting them will be Special Agents from the IRS named Nick Nelson and John Scatenato, a Revenue Agent named Frank Stamm, and a paralegal from the United

States Attorney's Office named Sherrill Doar. Does any juror know, or has any juror had any dealings, directly or indirectly, with Mr. Garcia, Ms. Dunne, Ms. Ramachandran or Ms. Doar, or with any other member of the staff of the United States Attorney's Offices for the Southern District of New York, located in Manhattan or White Plains, or with Special Agents Scatenato or Nelson or Revenue Agent Stamm?

3. Has any juror through some experience or in any other way, developed a bias or strong feeling against the United States Government, the Department of Justice, the United States Attorney's Office, the IRS, or any federal, state or local law enforcement agency?

4. Do any of you have a problem with your hearing or vision that would prevent you from giving full attention to this trial?

5. This case involves alleged criminal violations of the Internal Revenue Code, which are federal laws. This is not a civil proceeding. Is there anything about this type of case — that is, a criminal tax case — that would make you hesitate to sit on a jury?

6. During the trial, the Government will present evidence in the form of witness testimony. The Government expects that the following people or entities will be mentioned at trial. (List to be provided.). Do any of you know any of the people or entities I have just named?

7. Has any juror seen anything on television or read anything in newspapers or magazines about this case? Would you be able to decide this case solely on the evidence you see in this courtroom, without regard to anything you may previously have

seen on television or read in the newspapers about this case? Does any juror feel that he or she could not decide this case fairly and impartially in light of anything he or she has read or seen about the case?

   8.  Does any juror speak or read Hebrew? Will each juror accept Hebrew to English translations of documents as given by an official court interpreter as correct?

   9.  You may hear the testimony of an accomplice, who may testify under a non-prosecution agreement. The Government has the discretion to enter into a non-prosecution cooperation agreement with a witness and such agreements are tools frequently used by law enforcement. Does any juror believe that you could not impartially decide a person's guilt where others who may have been involved in the conduct have not been charged criminally? Does any juror believe you would have difficulty evaluating the testimony of an accomplice, who may be entitled to special treatment due to her agreement to testify against this defendant? Does any juror believe that all persons involved in a crime must be charged criminally in order for the prosecution to be fair? Does any juror believe that persons should not cooperate with the Government in criminal investigations and trials?

   10.  Some of the evidence may come from searches performed by law enforcement officers. Those searches were legal and the evidence obtained from those searches is admissible in this case. Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches at trial? If yes, would such feelings interfere with your ability to decide this case fairly?

### III. Individual Questions For Each Juror

11. Please provide the following background information:

   (a) What is the county and general section or community of your residence?

   (b) What is your marital status?

   (c) Do you have any children? If so, what are their ages and what do they do?

   (d) What is the length of your residence at your present address? (If less than five years, please inquire as to prior residence).

   (e) What is your present occupation? (If retired, please inquire as to former occupation).

   (f) What is the name of your employer?

   (g) What are your position and responsibilities at your employment?

   (h) How long have you been employed in your current employment? (If present employment is for less than five years, please inquire as to prior employment).

   (i) (If married) What is your spouse's profession, business, or occupation? (If spouse is retired, please inquire as to occupation before retirement).

   (j) Have you ever run a business that employed workers? [If so, were you responsible for paying the employee(s)?]

-5-

12. Is any member of your family or is a close friend employed by any law enforcement agency? Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

13. Have you ever at any time served as a member of a grand jury, whether in the federal, state, or county courts?

14. Have you ever served as a juror in either the state or federal courts?

   (a). If so, when and in what court did you serve? What type of case?

   (b). Without telling us what the verdict was, did the jury reach a verdict?

15. Have any of you or has a relative or close friend ever been involved or appeared as a witness at trial, or before the grand jury, or before a legislative committee, licensing authority, or governmental agency?

   (a) If so, would anything about your or their experience or treatment prevent you from being fair and impartial in this case?

16. Have you, or has any member of your family, or close friend, ever been charged with or convicted of a crime or been the subject of any investigation by a federal or state law enforcement agency or while in the military? If so, would you briefly state the circumstances of such charge, investigation or accusation? (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel in the robing room — or at the side-bar — if they prefer.)

17. Has any one of you ever been party to any civil dispute with the federal government, including such things as disputes with the Internal Revenue Service over income or other taxes due, or disputes with the Immigration and Naturalization Service?

18. Have you or any members of your family or any close friends, to the best of your knowledge, had any experiences with the Internal Revenue Service, or any agency of the United States Government, that would or could prejudice you for or against the Government?

19. Have you, your close friends, or relatives ever been audited or assessed a penalty by the Internal Revenue Service? If so:

　　(a) How long ago?

　　(b) Was the matter resolved to your (or your friend or relative's) satisfaction?

　　(c) Were you treated fairly and courteously by Government officials?

　　(d) Do you hold any grudges against the Government or against Government officials?

20. Have you ever had an unpleasant experience with any Federal law enforcement officer?

21. Is there anyone who holds strong personal or philosophical feelings about the tax system of the United States of America? If so, what are your feelings?

22. Are you, or any of your close friends or relatives, affiliated with, or a member of any group or organization, whether formal or informal, which is engaged in the study of or protest against the federal tax laws or the federal tax policy generally?

23. Do any of you normally prepare your own tax returns?

24. If an accountant or someone else prepares your taxes, do you mail the information to the accountant or meet with the accountant regarding the preparation of your return?

25. What, if anything, do you do to review the tax returns that are prepared for you?

26. Have you ever been employed as an accountant, banker, bookkeeper, or tax preparer?

27. Have you ever received any training as an accountant, banker, bookkeeper, or tax preparer?

28. Have you ever worked with accountants, bankers, bookkeepers, or tax preparers?

29. Is any member of your family or household an accountant, banker, bookkeeper, or tax preparer?

30. Has any member of your family or household studied accounting, banking, bookkeeping or tax preparation, or had any training in those fields?

31. Will you be able to resolve any questions that may come up at trial about accounting, banking, bookkeeping, tax preparation, or taxes by relying on just the evidence and the Court's instructions on the law?

32. Have you ever declared bankruptcy?

33. Do you or a family member deal in a business that generates cash? If so, do you regularly make payments through cash and money orders or do you write checks?

34. Have you ever had a judgment entered against you in a civil case brought by any federal, state, or local governmental entity?

35. Under our system the facts are determined by the jury that hears the case. On the other hand, the law that governs the trial, and the jury's deliberations, is determined by Court — that's me. These two responsibilities are separate and distinct and, just as I may not encroach upon your responsibility to determine, or find, the facts, you may not encroach upon my obligation to determine the law. In other words, when I give you the law at the close of this trial, you are required to accept the law as stated. With this in mind, is there any juror who feels that for any reason he or she is not either willing or able to apply the law as stated by the Court?

36. Will each juror accept the proposition of law that the question of punishment is for the Court alone to decide, and that possible punishment must not enter into the deliberations of the juror as to guilt or innocence of the defendant?

37. Will each juror accept the proposition of law that sympathy must not enter into the deliberations of the juror as to guilt or innocence of the defendant, and that only

the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

38. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendants' guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

39. Does any juror have any religious, philosophical, or other belief that would make him or her unable to render a guilty verdict for reasons unrelated to the law or evidence?

40. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

### IV. Requested Instructions Following Impaneling of the Jury

It is your duty not to discuss this case among yourselves or with others, or to permit others to speak to you about this case. In fact, the defendant, his attorney, and the Government's attorneys have all been instructed not to speak with you at all. So don't be surprised if they fail to acknowledge your presence if you should see them at times when the trial is not in progress. They are not being rude to you; there are simply following my

instructions. Should you find yourselves in the presence of other persons who are discussing the case it is your duty to remove yourself from that discussion.

If any person should attempt to communicate with you about this case any time throughout the trial, you must immediately report that to me, and to no one else.

Dated: White Plains, New York
May 2, 2008

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                                of America

CYNTHIA K. DUNNE,
SEETHA RAMACHANDRAN
Assistant United States Attorneys

    - Of Counsel -