UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    :

    - against -                                   :     07 Cr. 543 (KMK)

YEHEZKEL ELIA and DAVID ELYAHO,             :

            Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## REQUESTS TO CHARGE OF THE UNITED STATES


MICHAEL J. GARCIA
United States Attorney
Southern District of New York,
Attorney for the United States
    of America

CYNTHIA K. DUNNE
SEETHA RAMACHANDRAN
Assistant United States Attorneys
   - Of Counsel -

## TABLE OF CONTENTS

1      The Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2      Nature of Tax Crimes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3      Conspiracy and Substantive Counts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4      Conspiracy — General Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5      Conspiracy: Elements of Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6      Conspiracy: First Element — Existence of Agreement . . . . . . . . . . . . . . . . . . . 9

7      Conspiracy: First Element — Object . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8      Conspiracy: First Element: Defraud the United States . . . . . . . . . . . . . . . . . . . 13

9      Conspiracy: Second Element — Membership in the Conspiracy . . . . . . . . . . . . . 15

10     Conspiracy: Third Element — Overt Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

11     Liability for Acts and Statements of Co-conspirators . . . . . . . . . . . . . . . . . . . . 23

12     Counts Two Through Seventeen: Tax
        Evasion — The Indictment and the Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

13     Counts Two Through Seventeen:
        Tax Evasion Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

14     First Element — Tax Due and Owing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

15     Second Element -- Attempt to Evade or Defeat A Tax . . . . . . . . . . . . . . . . . . . . 28

16     Third Element — Knowledge and Willfulness . . . . . . . . . . . . . . . . . . . . . . . . . 31

17     False Tax Returns: The Indictment and the Statute . . . . . . . . . . . . . . . . . . . . . . 35

18     Filing False Tax Returns: Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . 37

19     Filing False Tax Returns: First Element -- Defendant Filed a Return . . . . . . . . . . . 38

20    Filing False Tax Returns: Second Element -- Return Filed Under Penalty of Perjury  . . 39

21    Filing False Tax Returns: Third Element -- Return Materially False  . . . . . . . . . . . . . . 40

22    Filing False Tax Returns: Fourth Element -- Willfulness  . . . . . . . . . . . . . . . . . . . . . . . . 42

23    Venue  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

24    General Instructions: Variance in Dates, Amounts, Facts Alleged  . . . . . . . . . . . . . . . . . 45

25    General Instructions:  Limiting Instruction -- Expert Testimony . . . . . . . . . . . . . . . . . . . 46

26    General Instructions: Limiting Instruction -- Charts and Summaries  . . . . . . . . . . . . . . 47

27    General Instructions: Defendants' Right Not to Testify  . . . . . . . . . . . . . . . . . . . . . . . . 48

28    Uncalled Witness -- Equally Available  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

29    Preparation Of Witnesses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

30    Persons Not On Trial  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

31    Investigative Techniques  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

32    Accomplices Called By The Government  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

33    Redaction Of Evidentiary Items  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

34    Stipulations  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                     :

   - against -                                :    07 Cr. 543 (KMK)

YEHEZKEL ELIA and DAVID ELYAHO,              :

             Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## REQUESTS TO CHARGE OF THE UNITED STATES

The United States respectfully requests that the Court give its usual instructions

to the jury on the following matters:

     a.     Function Of Court And Jury.

     b.     Indictment Not Evidence.

     c.     Statements Of Court And Counsel Not Evidence.

     d.     Burden Of Proof And Presumption Of Innocence.

     e.     Reasonable Doubt.

     f.     Government Treated Like Any Other Party.

     g.     Definitions, Explanations And Example Of Direct And Circumstantial Evidence.

     h.     Credibility Of Witnesses.

     i.     Stipulations.

## REQUEST NO. 1

### The Indictment

The defendants, YEHEZKEL ELIA and DAVID ELYAHO, are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. The Indictment contains twenty-eight separate counts, each one of which must be considered separately. Count One charges the defendants YEHEZKEL ELIA and DAVID ELYAHO with conspiring, or entering into an illegal agreement or understanding, to defraud the United States and the Internal Revenue Service.

Counts Two through Thirteen charge YEHEZKEL ELIA with attempting to evade the payment of income taxes he owed to the Internal Revenue Service and owed by some of his corporate entities for the calendar years and/or fiscal years 1999 through 2002. Counts Fourteen through Seventeen charge DAVID ELYAHO with attempting to evade a substantial part of the income and employment taxes he owed individually for the tax years 1999 through 2002.

Counts Eighteen through Twenty Eight charge YEHEZKEL ELIA with signing false individual and corporate tax years for calendar years and fiscal years spanning from 1999 through 2002.

3

## REQUEST NO. 2

### Nature of Tax Crimes

All of the charges in the Indictment involve tax crimes. As you know, the

United States has a system for the collection of income taxes that relies on the honesty of

taxpayers because it relies on the voluntary compliance of taxpayers. We prepare our own

tax returns; we report our own income; we compute our own tax. The IRS does not and

cannot review or audit every single return that is filed. Our system can function successfully

only if taxpayers report timely, completely, and honestly report all taxes they owe, and timely

pay the taxes due. Therefore, Congress has created criminal sanctions to assure compliance.

I instruct you that the filing of federal income tax returns is not voluntary.

Individuals who have received income in excess of the minimum amount for that year, as

specified in the Internal Revenue Code, are required to file federal tax returns and pay taxes

imposed. I further instruct you that the press of other financial obligations is no defense to

your obligations and liabilities under the Internal Revenue Code.

> Adapted from the charge of the Hon. Colleen McMahon in
> United States v. O'Donnell, S1 02 Cr. 411 (CM), Tr. at 694-95
> (a copy of the charge of Judge McMahon is annexed as Exhibit
> A).

A preliminary word about what this case is not about. It has nothing to do with

the actual collection of any taxes that may be due to the Government. This is a criminal case.

Its object, therefore, is to secure the enforcement of the laws passed by Congress which make

it a federal crime to attempt to defeat or evade the payment of taxes due.

4

There is a distinction between civil liability imposed upon a defendant for the

non-payment of taxes and criminal responsibility for his acts and conduct. None of us likes

to pay our taxes and none of us enjoys filling out the required forms. But that is not at issue

in this case, because the filing of tax returns and the payment of taxes is a requirement of

law.

Moreover, we are not concerned here with civil liability, that is, whether or not

taxes claimed to be due have been paid or will be paid. Rather, the issue here is whether the

Government has proved beyond a reasonable doubt that the defendant committed the crimes

charged in the Indictment.

> Spies v. United States 317 U.S. 492, 495 (1943); Adapted from
> the charge of Judge Colleen McMahon in United States v.
> O'Donnell, S1 02 Cr. 411 (CM), Tr. at 695-96; from the charge
> of Judge Lawrence M. McKenna in United States v. Trupin, 97
> Cr. 97 (LMM), Tr. 5714 (a copy of Judge McKenna's charge is
> annexed hereto as Exhibit B); from the charge of Judge Martin
> in United States v. Lawless, 96 Cr. 522 (JSM) (S.D.N.Y. May
> 14, 1997), Tr. 335-336; from the charge of Judge Sotomayor in
> United States v. Lugo, 96 Cr. 521 (SS) (S.D.N.Y. April 10,
> 1997), Tr. 538-540; from the charge of Judge Chin in United
> States v. Miranda, 96 Cr . 527 (DC) (S.D.N.Y. January, 16
> 1997), Tr. 412-414; from the charge of Judge Koeltl in United
> States v. Washington, 96 Cr. 528 (JGK), (S.D.N.Y. December
> 9, 1996), Tr. 520-521; from the charge of Judge Wexler in
> United States v. Burdett, 91 Cr. 340 (LDW) (E.D.N.Y. Aug. 12,
> 1991), Tr. 466, aff'd, United States v. Burdett, 962 F.2d 228 (2d
> Cir. 1992); from the charge of Judge Cannella in United States
> v. DiPetto, 90 Cr. 187 (JMC) (S.D.N.Y. July 1990), Tr. 436-37,
> aff'd, United States v. DiPetto, 936 F. 2d 96 (2d Cir. 1991); and
> from Sand, Modern Federal Jury Instructions, Instruction 59-2.

## REQUEST NO. 3

### Conspiracy and Substantive Counts

Count One of the Indictment is a conspiracy count. The other counts are referred to as substantive counts. Unlike the conspiracy charge, which is a charge of plotting, scheming, or agreeing to commit offenses, the substantive counts are based on the actual commission or attempted commission of those offenses.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime which may be the object of the conspiracy. The essence of the crime of conspiracy is an agreement or understanding to violate other laws or to defraud the United States. Thus, if a conspiracy exists, even if it should fail of its purpose, it is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime or crimes that were the objective of the conspiracy were actually committed. By contrast, the substantive counts require proof that the crime charged was actually committed, but do not require proof of an agreement. Of course, if a defendant both participates in a conspiracy and commits the crime or crimes which were the object of the conspiracy, the defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.

> Adapted from the charge of Judge Loretta A. Preska in United
> States v. Hundley, 02 CR 441 (LAP), Tr. 8779 (a copy of Judge
> Preska's charge is annexed hereto as Exhibit C); charge of Judge
> John Walker in United States v. Helmsley, 88 Cr. 219 (JMW),
> Tr. 26-27.

6

## REQUEST NO. 4

### Conspiracy — General Instructions

Count One of the Indictment charges that the defendants violated Section

371 of Title 18 of the United States Code. That section provides as follows:

> If two or more persons conspire either to commit any offense
> against the United States, or to defraud the United States, or
> any agency thereof in any manner or for any purpose, and one
> or more of such persons do any act to effect the object of the
> conspiracy, each . . . is guilty of a crime.

> Specifically, Count One charges that:

> [The Court is respectfully requested to read paragraphs 1
> through 7 of the Indictment.]

7

## REQUEST NO. 5

### Conspiracy: Elements of Conspiracy

In order for you to find a defendant guilty of conspiracy, the government must prove beyond a reasonable doubt each of the following essential elements as to that defendant:

First, the existence of an agreement or understanding between two or more persons to violate a law of the United States or to defraud the United States.

Second, that the defendant knowingly and unlawfully became a member of the conspiracy; that is, he knowingly associated himself unlawfully with and participated in the charged conspiracy.

Third, that any one of the members of the conspiracy — not necessarily the defendant, but any one of the people involved in the conspiracy — knowingly committed at least one of the overt acts charged in the Indictment in furtherance of the conspiracy.

I will explain the concept of overt acts in a few moments, but let us first consider each of the three elements in further detail.

> Adapted from the charge of Judge John Walker in United States v. Helmsley, 88 Cr. 219 (JMW), Tr. 25-26 (S.D.N.Y. 1989). See United States v. Salameh, 152 F.3d 88, 145 (2d Cir. 1998) (listing the three "well settled" elements of conspiracy); United States v. Maldonado-Rivera, 922 F.2d 799, 810 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy); see also Sand, Modern Federal Jury Instructions, Instr. 19-3 (listing four elements).

8

## REQUEST NO. 6

### Conspiracy: First Element — Existence of Agreement

A conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose. The essence of the crime of conspiracy is the unlawful combination or agreement to violate the law. Thus, the first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. Indeed, it would be extraordinary if there were such a formal document, or a specific oral agreement.

Your common sense will tell you that when men and women undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they usually publicly broadcast their purpose or plans. From its very nature, a conspiracy is usually secret. Even if actions are taken in the open, the purpose behind those actions is often known only to the conspirators.

9

Thus, it is sufficient if the Government proves beyond a reasonable doubt that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act. Similarly, the Government need not prove that there was such an agreement as to each detail of the scheme or each act taken in furtherance of the scheme. It is sufficient if the Government proves beyond a reasonable doubt that there was an agreement to further at least one of the criminal objectives.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. Thus, for example, an agreement among people may be inferred from circumstantial evidence concerning the relationship of the parties, their overt acts, and the totality of their conduct.

If the elements of conspiracy are established, it is immaterial whether the conspirators successfully accomplished their purpose. On the other hand, proof that the objects of an alleged conspiracy were accomplished may be the most persuasive evidence of the existence of the conspiracy itself. In other words, success of the venture, it you believe it was successful, and how that success was achieved, may be the best proof of the venture itself.

10

Usually, the only evidence available is that of disconnected acts on the part of

the alleged individual conspirators, which, when taken together in connection with each other

and with the reasonable inferences flowing from them, may show a conspiracy or agreement

to secure a particular result as satisfactorily and conclusively as more direct proof.

In sum, if, upon consideration of all the evidence, direct or circumstantial, you

find beyond a reasonable doubt that at least two of the alleged conspirators agreed to work

together in furtherance of the unlawful scheme alleged in the indictment, then the first

element is established.

> Adapted from the charge of Judge John Walker in United States
> v. Helmsley, 88 Cr. 219 (JMW), Tr. 25-26 (S.D.N.Y. 1989), and
> Sand, Modern Federal Jury Instructions, Instr. 19-4. See United
> States v. Perez, 144 F.3d 204, 208 (2d Cir. 1998) ("In order to
> prove a charge of conspiracy, the government need not present
> evidence of an explicit agreement; proof of a tacit understanding
> will suffice"); United States v. Desimone, 119 F.3d 217, 223 (2d
> Cir. 1997) ("The existence of — and a particular defendant's
> participation in — a conspiracy may be established entirely by
> circumstantial evidence. Moreover, the conspiratorial agreement
> itself may be established by proof of a tacit understanding
> among participants, rather than proof of an explicit agreement
> . . . ." (Citations omitted)); United States v. Furkin, 119 F.3d
> 1276, 1279 (7th Cir. 1997) ("The parties' intent, as well as their
> agreement, may be inferred from circumstantial evidence
> concerning the relationship of the parties, their overt acts, and
> the totality of their conduct"); United States v. Meneilly, 78 F.
> Supp. 2d 95, 103 (E.D.N.Y. 1999) (same) (quoting Furkin);
> United States v. Soape, 169 F.3d 257, 264 (5th Cir. 1999)
> (though conspiratorial intent may not be inferred from family
> relationship alone, such an inference may be drawn from a
> family relationship combined with other circumstantial
> evidence).

11

## REQUEST NO. 7

### Conspiracy: First Element — Object

In this case, the defendant is charged with conspiring to defraud the United States and its agency the IRS, by impairing impeding, defeating and obstructing the lawful governmental functions of the IRS in the ascertainment, evaluation, assessment, computation and collection of individual income taxes.

If you find that the defendant you are considering agreed with another person to accomplish the objective charged by the Indictment, then you may find that defendant guilty of conspiracy if you find the other elements of the crime satisfied.

It is not, however, necessary for you to find that the alleged objective was to be accomplished by all of the means described in the Indictment. Here again, it is sufficient if you find beyond a reasonable doubt that the objective of the conspiracy — defrauding the United States — was to be accomplished by <u>any</u> of the means alleged.

<div style="margin-left:2em">

<u>United States v. Helmsley</u>, 941 F.2d 71, 91 (2d Cir. 1992) (quoting district court's charge); charge of Judge Loretta Preska in <u>United States v. Hundley</u>, S3 02 Cr. 441 (LAP), Tr. 8783, 85.

</div>

## REQUEST NO. 8

## **Conspiracy: First Element: Defraud the United States**

Let me now instruct you in more detail about the object alleged in the Indictment -- that the conspiracy was designed to defraud the United States.

A conspiracy to defraud the United States need not involve cheating the Government out of money or property. The statute also includes conspiracies to interfere with, or obstruct, any lawful government function by fraud, deceit or any dishonest means. I instruct you that the Internal Revenue Service, commonly known as the IRS, is an agency of the United States Government. The IRS is responsible for the collection of tax revenue. As part of those efforts, the IRS requires that taxpayers truthfully and honestly report their full taxable income and that representations made to it about the nature of transactions are truthful. Thus, the phrase "conspiracy to defraud the United States" in this Indictment means that the defendant and his co-conspirators allegedly conspired to impede, impair, obstruct or defeat the lawful functions of the IRS to ascertain taxes and to collect lawfully due and owing tax revenue.

It is not necessary that the Government or the IRS actually suffer a financial loss from the scheme, although in this case it is alleged that such losses did occur. Nor is it necessary for you to find that in any particular instance the conspirators' conduct was actually examined by the IRS. A conspiracy to defraud exists simply when there is an agreement, if you so find, to impede, impair, obstruct or defeat, by fraud or dishonest means, a lawful

13

function of the IRS. Indeed, even if the taxpayer's ultimate legal position is correct, and the

underlying transactions or activities of the defendant had no tax consequences in the form

of tax liabilities to him, that is not a defense to the crime charged. One cannot use deception

and dishonest means to impede, impair, obstruct, or defeat the IRS, even to protect a

legitimate tax position.

> Adapted Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-12;
> charge of Judge Loretta Preska in <u>United States v. Hundley</u>, S3
> 02 Cr. 441 (LAP), Tr. 8788-89, charge of Judge John Walker in
> <u>United States v. Helmsley</u>, 88 Cr. 219 (JMW), Tr. 32-33
> (S.D.N.Y. 1989); <u>United States v. Klein</u>, 247 F.2d 908 (2d Cir.
> 1957) (upholding conspiracy convictions involving scheme to
> hide information from the IRS in order to protect a tax position
> that was, ultimately, vindicated, because defendants' activities
> involved hiding information "by deceit, craft or trickery, or at
> least by means that are dishonest", thus preventing IRS from
> information to which it was entitled).

.

## REQUEST NO. 9

### Conspiracy: Second Element — Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the indictment existed, you should next determine the second question, and that is whether the defendant participated in the conspiracy knowingly and willfully in furtherance of its unlawful objectives.

The Government must prove beyond a reasonable doubt that the defendant had the appropriate level of knowledge with respect to the illegal agreement he entered into, and that he agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective or objectives. With respect to the scheme to defraud the United States the Government must prove that the defendant acted knowingly and unlawfully.

### "Unlawfully," "Knowingly" and "Wilfully" Defined

An act is done "knowingly" if it is done deliberately and purposefully; that is, the defendant's act must have been the product of the defendant's conscious objective rather than the product of a mistake or accident or mere negligence.

"Unlawfully" means simply contrary to law. The defendant you are considering need not have known that he was breaking the law.

An act is done "willfully," as I defined that term previously when instructing you regarding tax evasion; that is, the defendant must act with the intent to violate a known legal duty.

15

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However you do have before you evidence of certain acts and conversations alleged to have taken place with the defendants, certain records alleged to relate to the defendants, and other physical and testimonial evidence. The government contends that these acts, conversations and pieces of physical evidence show beyond reasonable doubt that the defendants knew of the unlawful purposes of the conspiracy.

It is not necessary that a defendant you are considering be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part. To have guilty knowledge, a defendant you are considering need not have known the full extent of the conspiracy or all of its activities or all of its participants. Nor is it necessary that a defendant received any monetary benefit from participating in the conspiracy or have a financial stake in the outcome so long as he in fact participated in the conspiracy in the manner I have explained. However, the existence or non-existence of such an interest may properly be considered in determining whether a defendant was a member of the conspiracy. An interest could be a direct financial one, or an indirect one, such as pleasing an important client or boss or holding one's job.

If you find that the defendant you are considering had some underlying motive, not in itself criminal, for any or all of his acts, you may nevertheless conclude that his conduct was willful, so long as he also acted with the intent to aid or bring about the success

16

of one or more of the alleged objects of the conspiracy. While motive is something you may consider, the Government is not required to prove motive, that is, a defendant's ultimate goal or reason for engaging in a particular course of conduct. It is often very difficult, if not impossible, to ascertain why someone did something. Here, it is important not to confuse motive with intent. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted. If the guilt of a defendant is proven beyond a reasonable doubt, it is immaterial what the motive for the crime may be.

I want to caution you, however, that the knowledge requirement is <u>not</u> satisfied by demonstrating that the defendant was merely negligent, foolish, or mistaken.

The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt. A defendant need not have joined the conspiracy at the outset. The defendant may have joined it for any purpose at any time in its progress, and he will still be held responsible for all that was done before the defendant joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with

17

knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even

coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.

Similarly, mere association in a business or otherwise with a conspirator does not by itself

make one a member of the conspiracy, although a conspiracy may exist between persons who

are also associated in lawful business activities. What is necessary is that the defendant you

are considering participated in the conspiracy with knowledge of its objects and with an

intent to aid in the accomplishment of those objects.

        In sum, to satisfy this element, the defendant must agree with one or more

person to accomplish the object of the conspiracy — that is, he must unlawfully and

knowlingly and wilfully agree that one of the conspirators will do the acts that constitute that

object of the conspiracy. Only if the defendant so joins a conspiracy, does the defendant

become a knowing participant in the agreement — that is to say, a conspirator.

> Adapted from: the charge of Judge John Walker in United States
> v. Helmsley, 88 Cr. 219 (JMW), Tr. 24-26, 40-41 (S.D.N.Y.
> 1989); the charge of Judge Leonard B. Sand in United States v.
> Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and from Sand,
> Modern Federal Jury Instructions, Instr. 3A-1, 3A-2, 3A-3, 6-18.
> On the second element generally, see United States v.
> Desimone, 119 F.3d 217, 223 (2d Cir. 1997) (presence is not
> enough; nor is knowledge; membership requires participation).
> On the types of proof required to satisfy the second element, and
> the scope a defendant's responsibility, see United States v. Rea,
> 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendants'
> knowledge of the conspiracy and participation in it with the
> requisite criminal intent may be established through
> circumstantial evidence. A defendant need not have joined a
> conspiracy at its inception in order to incur liability for the
> unlawful acts of the conspiracy committed both before and after

18

he or she became a member.") (citations omitted).  On the existence of a relationship as circumstantial evidence of conspiracy, see  United States v. Furkin, 119 F.3d 1276, 1279 (7th Cir. 1997) ("The parties' intent, as well as their agreement, may be inferred from circumstantial evidence concerning the relationship of the parties, their overt acts, and the totality of their conduct"); United States v. Meneilly, 78 F. Supp. 2d 95, 103 (E.D.N.Y. 1999) (same) (quoting Furkin); United States v. Soape, 169 F.3d 257, 264 (5th Cir. 1999) (though conspiratorial intent may not be inferred from family relationship alone, such an inference may be drawn from a family relationship combined with other circumstantial evidence).

## REQUEST NO. 10

### Conspiracy: Third Element — Overt Acts

The third element, which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that at least one of the conspirators committed at least one overt acts in furtherance of the conspiracy.

For the crime of conspiracy to have been committed, there must be something more than an agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.

I will now read the overt acts charged in the Indictment.

[The Court is respectfully requested to read paragraph 7 of the Indictment, which appears on page 3.]

In order for the Government to satisfy the overt act element, it is not required to prove any or all of the particular overt acts alleged in the Indictment. It is enough if the Government proves that at least one overt act was committed in furtherance of the conspiracy. However, you must all agree on at least one overt act that a conspirator committed in order to satisfy this element. In other words, it is not sufficient for you to agree that <u>some</u> overt act was committed, without agreeing on which overt act was committed.

Similarly, it is not necessary for the government to prove that each member of the conspiracy committed or participated in an overt act. It is sufficient if you find that at

20

least one overt act was in fact performed by at least one conspirator, whether the defendant or another co-conspirator, to further the conspiracy within the time frame of the conspiracy. Remember, the act of any one of the members of a conspiracy, done in furtherance of the conspiracy, becomes the act of all the other members. To be a member of the conspiracy, it is not necessary for a defendant to commit an overt act.

In addition, the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

The overt act must have been knowingly and willfully done by at least one conspirator in furtherance of some object or purpose of the conspiracy, as charged in the Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

Finally, you must find that either the agreement was formed or that an overt act was committed in the Southern District of New York, which includes Westchester, Putnam, Dutchess, Rockland, Orange, Sullivan, New York, and Bronx counties.

> Adapted from the charge of Judge John Walker in United States v. Helmsley, 88 Cr. 219 (JMW), Tr. 25-26 (S.D.N.Y. 1989); and Sand, Modern Federal Jury Instructions, Instr. 19-7, 19-8. See Braverman v. United States, 317 U.S. 49, 53 (1942) (overt act

21

"may be that of only a single one of the conspirators and need not be itself a crime"); United States v. Frank, 156 F.3d 332, 337 (2d Cir. 1997) ("the well-established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant"); United States v. Bryan, 122 F.3d 90, 93 (2d Cir. 1997) ("conspiracy 'conviction may rest on an overt act not charged in the indictment'") (quoting United States v. Armone, 363 F.2d 385, 400 (2d Cir. 1966)); United States v. Montour, 944 F.2d 1019, 1026 (2d Cir. 1991) ("an overt act need not be inherently criminal to support a conspiracy conviction").

## REQUEST NO. 11

## Liability for Acts and Statements of Co-conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of his co-conspirators, even though such acts or statements were not made in the presence of the defendant or were made without his knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir.) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay), cert. denied, 459 U.S. 945 (1982).

## REQUEST NO. 12

### Counts Two Through Seventeen: Tax
### Evasion — The Indictment and the Statute

Counts Two through Five charge the defendant YEHEZKEL ELIA with attempting to evade the assessment, or proper determination, of the individual income taxes due and owing by YEHEZKEL ELIA for the calendar years 1999 through 2002. Counts Six through Thirteen charge the defendant YEHEZKEL ELIA with attempting to evade the assessment, or proper determination, of the corporate income taxes due and owing by SneakerMania, Final Touch and PizzaMania for various tax years. Counts Fourteen through Seventeen charge the defendant DAVID ELYAHO with attempting to evade the assessment, or proper determination, of the individual income taxes due and owing by DAVID ELYAHO for the calendar years 1999 through 2002.

Counts Two through Seventeen all charge a violation of the same statute — Section 7201 of Title 26 of the United States Code — which provides in pertinent part:

> any person who willfully attempts in any manner to evade or defeat any tax imposed by [law] . . . shall . . . be guilty [of the offense of tax evasion].

Adapted from Sand, Modern Federal Jury Instructions, Instr. 59-1.

24

## REQUEST NO. 13

### Counts Two Through Seventeen:
### Tax Evasion Elements

In order for the crime of tax evasion to be proved, the Government must

establish beyond a reasonable doubt each of the following three elements:

First, that the taxpayer had substantial tax due and owing;

Second, that the defendant committed an affirmative act constituting an evasion

or an attempted evasion of a tax, as described in the Indictment; and

Third, that the defendant acted willfully in attempting to evade the assessment

of tax.

For each of the tax evasion counts, you must decide whether or not the

Government has proven these three elements beyond a reasonable doubt. Each count, and

therefore each year, must be considered separately.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 59-
> 3; from the charge of Judge Colleen McMahon in United States
> v. O'Donnell, S1 02 Cr. 411 (CM), Tr. at 697; from the charge
> of Judge Lawrence M. McKenna in United States v. Trupin, 97
> Cr. 97 (LMM), Tr. 5715; and the charge of Judge John Walker
> in United States v. Helmsley, 88 Cr. 219 (JMW), Tr. 45-46
> (S.D.N.Y. 1989). See also Sansone v. United States, 380 U.S.
> 343, 351 (1965); 26 U.S.C. § 7201.

## REQUEST NO. 14

## First Element — Tax Due and Owing

The first element of the offense that the Government must prove beyond a reasonable doubt is that the defendant charged in the count you are considering owed a substantial federal income tax for the calendar or fiscal years as alleged in Counts Two through Seventeen.

The government does not have to prove the exact amount of the taxes that the defendants owed during the relevant tax years. In addition, the government does not have to prove that the defendant attempted to evade or defeat payment of all the taxes from those time periods. Instead, the government need only prove that the amount owed from any one of those years was substantial.

> Adapted from the charge of Judge Lawrence M. McKenna in
> United States v. Trupin, 97 Cr. 97 (LMM), Tr. 5715; Sand,
> Modern Federal Jury Instructions, Instr. 59-4.

Whether the amount of tax due is substantial is an issue for you to decide. Substantiality is not measured in terms of gross or net income or by any particular percentage of the tax shown to be due and payable. All of the attendant circumstances must be taken into consideration. A few thousand dollars of evaded tax may in a given case may be considered substantial, depending on the circumstances of the particular case. Otherwise the rich could evade taxes with impunity and avoid prosecution under the income tax laws. In reaching your decision on the issue of whether the defendant owes additional taxes for the

26

years in issue, you should consider, along with all the other evidence, the testimony introduced during the trial concerning the computation of the defendant's tax liability.

If you find, based on all the evidence, that the government has established beyond a reasonable doubt that there was tax due for the year or years in question, then this element has been satisfied.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 59-4-5; from the charge of Judge Lawrence M. McKenna in United States v. Trupin, 97 Cr. 97 (LMM), Tr. 5715-6; from the charge of Judge Colleen McMahon in United States v. O'Donnell, S1 02 Cr. 411 (CM), Tr. at 698-701; United States v. Cunningham, 723 F.2d 217, 231 (2d Cir. 1983); See United States v. Helmsley, 971 F.2d 71, 84 (2d Cir. 1991) (deficiency must be substantial); United States v. Cole, 463 F.2d 163, 167 (2d Cir. 1972) ("Although the government may not have proved every dollar of income alleged by the indictment to have been concealed, proof of some lesser amount will sustain a verdict if, as here, it remains material"); Philipp Brothers Chemicals, Inc. v. Commissioner of Internal Revenue, 435 F.2d 53, 57 (2d Cir. 1970) (it is "well-settled policy that income is taxable . . . to the party who earns it and that it is economic reality rather than legal formality which determines who earns income"); Lembcke v. Commissioner of Internal Revenue, 126 F.2d 940, 942 (2d Cir. 1942) ("'Income is not any less the taxable income of the taxpayer because by his command it is paid directly to another in performance of the taxpayer's obligation to that other'") (quoting Raybestos-Manhattan, Inc. v. United States, 296 U.S. 60, 64 (1935)).

27

## REQUEST NO. 15

### Second Element -- Attempt to Evade or Defeat A Tax

The phrase "attempt to evade or defeat" an income tax involves two things: first, the formation of an intent to evade or defeat a tax or the payment thereof; and second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The indictment charges in Counts Two through Seventeen the defendants knew and understood that for the calendar and/or fiscal years charged that they (or in the case of YEHEZKEL ELIA his corporations as well) owed substantial federal income tax and then tried in some way to evade the payment of that tax. Therefore, in order to show an attempt to evade or defeat a tax or payment thereof, the government must prove beyond a reasonable doubt that defendants intended to evade or defeat the tax due or payment thereof, and that they also committed some act designed to conceal the income and/or their assets from the Internal Revenue Service.

There are many different ways in which a tax may be evaded, or an attempt made to evade it. The statute, Section 7201 of the United States Code, provides that the attempt can be "in any manner." A general rule is that any conduct, the likely effect of which would be to mislead or conceal for tax evasion purposes, is sufficient to establish an affirmative act of attempting to evade or defeat income taxes. The only requirement is that the defendant must take some affirmative action.

28

The conduct in question must be conduct that is likely to conceal things from the IRS. Even an otherwise lawful act can constitute an attempt to evade and defeat if it is performed with the intent to evade or defeat income tax.

> Adapted from the charge of the Hon. Colleen McMahon in United States v. O'Donnell, S1 02 Cr. 411 (CM), Tr. at 701-02.

Conduct that constitutes or is sufficient to establish an affirmative attempt to evade a tax or payment thereof includes: the use of bank accounts in the names of others; transferring income, money, or property in an attempt to conceal ownership; causing debts to be paid through and in the name of others; use of corporate entities to pay personal bills; placing ownership of companies in the names of others; the making of false statements to the IRS; the filing of false tax returns; dealing extensively in cash; maintaining bank accounts in the names of others; or any other conduct, the likely effect of which would be to mislead or to conceal, including directing others to do any of the things that I have just mentioned.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 59-7. See United States v. Sansone, 380 U.S. 343, 351 (1965); Spies v. United States, 317 U.S. 492, 499 (1943). United States v. Pollen, 978 F.2d 78, 88 (3d Cir. 1992); United States v. Daniel, 956 F.2d 540, 543 (6th Cir. 1992); United States v. McGill, 964 F.2d 222, 233 (3d Cir.), cert. denied, 113 S.Ct. 664 (1992); United States v. Conley, 826 F.2d 551, 553 (7th Cir. 1987); United States v. Hook, 781 F.2d 1166, 1169 (6th Cir.1986); United States v. Shorter, 809 F.2d 54, 57 (D.C. Cir. 1987); Cohen v. United States, 297 F.2d 760, 762 (9th Cir. 1962); United States v. Masat, 896 F.2d 88, 97 (5th Cir. 1990).

Although the Government must prove that the defendants committed some affirmative act constituting an attempt to evade, it need not prove each act alleged in the

Indictment; the proof of one affirmative act is enough. The Government must prove that the defendants each took some affirmative step during the year charged or in connection with the filing of the tax return for the year in question.

> See United States v. Mackey, 571 F.2d 376, 387 (7th Cir. 1978). Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions § 56.04 (4th ed. 1990).

## REQUEST NO. 16

### Third Element — Knowledge and Willfulness

The third element that the Government must prove beyond a reasonable doubt is that the defendants acted knowingly and willfully. To satisfy the knowledge part of this element, the Government must prove beyond a reasonable doubt that the defendants knew that they owed substantially more federal income tax for the years and entities charged than was declared on the income tax returns for those years and entities. Whether or not the defendants had this knowledge is a question of fact to be determined by you on the basis of all the evidence. Of course, an act is done knowingly only if it is done purposely and deliberately and not because of mistake, accident, negligence, or other innocent reason.

In this regard, I instruct you that the Internal Revenue Code provides that the fact that an individual's name is signed to a return is evidence that the return was actually signed by him. In other words, unless there is evidence in the case which leads you to conclude otherwise, you may find that a tax return was in fact signed by the person whose name appears to be signed on it. If the evidence leads you to conclude, beyond a reasonable doubt, that the defendant signed the tax return, you may also draw the inference that the defendant had knowledge of the contents of the return.

I also instruct you that in determining whether the defendant acted knowingly, you may consider whether he deliberately closed his eyes to what would otherwise have been obvious to him. If you find that either defendant was aware of a high probability that he

31

owed substantially more tax than was declared on his return for a particular year, and that he

acted with a conscious purpose to avoid learning the truth about whether or not he owed

substantially more tax than was declared on his return for a particular year, then this

knowledge element may be satisfied. However, guilty knowledge may not be established by

demonstrating that the defendant was merely negligent, foolish, or mistaken. And, if you

find that the defendant actually believed did not owe substantially more tax, he may not be

convicted of the crime charged in these counts. It is entirely up to you whether you find that

either defendant deliberately closed his eyes and any inferences to be drawn from the

evidence on this issue.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 59-
> 8; see 26 U.S.C. § 6064 ("The fact that an individual's name is
> signed to a return . . . shall be prima facie evidence for all
> purposes that the return . . . was actually signed by him");
> United States v. Ruffin, 575 F.2d 346, 354 (2d Cir. 1978)
> (approving similar instruction on permissibility of inferring
> knowledge from signature); United States v. Schiff, 801 F.2d
> 108, 112-13 (2d Cir. 1986) (conscious avoidance charge is
> appropriate in a tax prosecution where there is a dispute as to the
> defendant's knowledge of the tax laws).

The Government must also prove beyond a reasonable doubt that the

defendants acted willfully. A willful act in this context is defined as a voluntary and

intentional violation of a known legal duty. Thus, the Government must prove beyond a

reasonable doubt that the defendant charged possessed the specific intent to defeat or evade

the payment or assessment of taxes that the defendant knew it was his duty to pay.

32

In deciding whether the defendant acted willfully, you may consider the way he conducted his affairs. If a person deliberately conducts his affairs in a way that will likely result in deception, concealment of the truth, or the evasion of taxes, it is permissible to infer that he willfully intends to evade taxes.

In this case, the Government has argued that YEHEZKEL ELIA generated huge amounts of cash through his businesses and failed to deposit that cash into his corporate bank accounts, and instead paid many of his vendors by money orders in order to avoid making those deposits. In addition, the Government argues that ELIA made false statements to the IRS in order to conceal income, to reduce or eliminate tax liability and to hide his control over foreign bank accounts.  Further, the Government has argued that DAVID ELYAHO engaged in a pattern of making false statements to the IRS and that both ELYAHO and ELIA took cash from ELIA's Final Touch Jewelry business. In, addition, the Government argues that the Final Touch cash, like the majority of the cash generated by ELIA's other businesses, was not deposited into the corporate bank account in order to conceal income and to reduce or eliminate tax liability. If you find that there was a deceptive pattern of behavior, you may consider that finding along with the rest of the evidence in deciding whether or not the defendant you are considering willfully attempted to evade taxes. You are not required to draw such an inference, but you may do so.

> See the charge of Judge John Walker in United States v.
> Helmsley, 88 Cr. 219 (JMW), Tr. 61-62 (S.D.N.Y. 1989); Spies
> v. United States, 317 U.S. 492, 499 (1943) (willfulness can be
> inferred based on "any conduct, the likely effect of which would

33

be to mislead or to conceal"); United States v. Cole, 463 F.2d 163, 166 (2d Cir. 1972) (Friendly, J.) (inference of guilt can be based on evidence of a "pattern of having a corporation take deductions for personal expenses" (emphasis in original)); United States v. Chestnut, 533 F.2d 40, 48-49 (2d Cir. 1976) (in a prosecution for illegal campaign contributions, inference of willfulness could be based on evidence that advertising expenses were billed not to the campaign that incurred them, but rather were billed as "consulting fees" to a corporation that paid them with corporate funds).

**[If requested by the defendant:** In addition, a defendant does not act willfully if he believes in good faith that his actions comply with the law. Therefore, if the defendant actually believed that what he was doing was in accord with the tax statutes, and that he paid all of the taxes he owed, he cannot be said to have had the criminal intent to willfully evade taxes. Thus, if you find in connection with the count that you are considering that either defendant honestly believed that he owed no additional taxes, even if that belief was unreasonable or irrational, then you should find him not guilty of that Count. However, you may consider whether the defendant's belief was actually reasonable or actually unreasonable in deciding whether he held that belief in good faith.]

Adapted from Sand, Modern Federal Jury Instructions, Instr. 59-8.

34

## REQUEST NO. 17

### False Tax Returns: The Indictment and the Statute

Counts Eighteen through Twenty-Eight of the Indictment charge the defendant

YEHEZKEL ELIA with filing false or fraudulent individual and corporate tax returns. The

pertinent parts of the Indictment reads as follows:

> [The Court is respectfully requested to read paragraph14 of the
> Indictment.]

The Indictment alleges that the defendant violated Section 7206(1) of Title 26

of the United States Code, which provides that:

> Any person who willfully makes and subscribes any return,
> statement, or other document, which contains or is verified by
> a written declaration that it is made under the penalties of
> perjury, and which he does not believe to be true and correct as
> to every material matter [shall be guilty of a crime].

The Internal Revenue Service must have truthful and complete disclosure on all tax

returns in order properly to audit and compute the correct tax liability for each return that is

filed. Congress, in furtherance of these important objectives, enacted Section 7206(1), which

stresses the taxpayer's belief in the truthfulness and correctness of the statements to which

he or she subscribes.

This Section prohibits false statements and does not deal with income tax

evasion. Intent to evade taxes is not an element of the crime of filing a false tax return, and

there is no requirement that the false statement result in any underpayment of tax. Thus,

there is no requirement of any proof of tax due on these counts. Rather, the Section is

35

designed to ensure that the Government is provided with accurate and complete return information.

> Adapted from the charge of Judge John Walker in <u>United States v. Helmsley</u>, 88 Cr. 219 (JMW), Tr. 56-57 (S.D.N.Y. 1989); the charge of Judge Loretta A. Preska in <u>United States v. Hundley</u>, 02 Cr. 441 (LAP), Tr. 8877 (S.D.N.Y. 2004); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 59-18, 58-19.

## REQUEST NO. 18

### Filing False Tax Returns: Elements of the Offense

In order to prove the defendant guilty of the offense of filing a false or a fraudulent tax return, which are the offenses charged in Counts Eighteen through Twenty-Eight, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant subscribed, meaning signed, and filed a tax return.

Second, that the return contained a written declaration that it was made under penalty of perjury.

Third, that the defendant did not believe the return to be true and correct as to every material matter.

Fourth, that the defendant acted willfully.

Sand, Modern Federal Jury Instructions, Instr. 59-20; adapted from the charge of Judge Loretta A. Preska in United States v. Hundley, 02 Cr. 441 (LAP), Tr. 8877-78.

37

## REQUEST NO. 19

## Filing False Tax Returns: First Element -- Defendant Filed a Return

The first element that the Government must prove beyond a reasonable doubt is that the defendant subscribed and filed a tax return.

A tax return is subscribed at the time it is signed. A tax return is filed at the time it is delivered to the Internal Revenue Service. You may consider evidence you have heard identifying the defendant YEHEZKEL ELIA's signature in deciding whether YEHEZKEL ELIA signed the returns in question. In addition, the Internal Revenue Code provides that the fact that an individual's name is signed to a return is evidence that the return was actually signed by him.

If the evidence leads you to conclude beyond a reasonable doubt that the defendant signed the tax return, you may also draw the inference that the defendant had knowledge of the contents of the return.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 59-21; 26 U.S.C. § 6064; the charge of Judge Loretta A. Preska in United States v. Hundley, 02 Cr. 441 (LAP), Tr. 8878; United States v. Ruffin, 575 F.2d 346, 354 (2d Cir. 1978) (approving similar instruction on permissibility of inferring knowledge from signature).

38

## REQUEST NO. 20

### Filing False Tax Returns: Second Element -- Return Filed Under Penalty of Perjury

The second element that the Government must prove beyond a reasonable doubt is that the return contained a written declaration that it was made under penalty of perjury.

To satisfy this element, the Government must prove that on its face the return contained a statement indicating that the return was made under penalty of perjury. You must make this determination, simply by looking at the return in question; either it has such a statement or it does not.

> Adapted from the charge of Judge John Walker in United States v. Helmsley, 88 Cr. 219 (JMW), Tr. 57-58 (S.D.N.Y. 1989); the charge of Judge Loretta A. Preska in United States v. Hundley, 02 Cr. 441 (LAP), Tr. 8878; and Sand, Modern Federal Jury Instructions, Instr. 59-22.

39

## REQUEST NO. 21

## Filing False Tax Returns: Third Element -- Return Materially False

The third element that the Government must prove beyond a reasonable doubt is that the defendant did not believe the return to be true and correct as to every material matter. To prove this element, the Government must prove that the return was materially false and that the defendant knew that this was so.

The false statement in the return must be material. A false statement on a line on a tax return is a material matter if the information required to be reported on that line is capable of influencing or impeding the IRS in verifying or auditing the return. In other words, the test of materiality in this case is whether the information required to be reported on the tax return in question was necessary for the proper evaluation of the accuracy of the tax return.

The Government contends that the tax returns listed in Counts Eighteen through Twenty-Eight were false, among other reasons, because the corporate tax returns did not report accurately cash receipts or expenses of the corporation and because YEHEZKEL ELIA's individual income tax returns did not properly report income and concealed his control over foreign bank accounts.

To satisfy this element, the Government must prove that the defendant YEHEZKEL ELIA knew that a pertinent statement was false. I remind you of my previous instructions about the knowledge of the defendant. A person acts knowingly when he acts

40

intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

Whether the defendant acted knowingly may be proved by the defendant's conduct and by

all the facts and circumstances surrounding the case.

Again, you may infer knowledge if you find that the defendant deliberately

avoided learning whether the tax returns were true or false.

I further instruct you that although the Government must show that the false

statement was made as to a material matter, the defendant need not have known that the

matter was material.

> Adapted from trial court's instruction on the meaning of
> materiality quoted in United States v. Bok, 156 F.3d 157, 164-65
> (2d Cir. 1998), a false tax return case; Sand, Modern Federal
> Jury Instructions, Instr. 59-23; the charge of Judge Loretta A.
> Preska in United States v. Hundley, 02 Cr. 441 (LAP), Tr. 8879.
>
> Note: In United States v. Klausner, 80 F.3d 55, 60 (2d Cir.
> 1996), the Second Circuit rejected the contention that the
> holding in United States v. Gaudin, 515 U.S. 506 (1995),
> rendered materiality an issue for jury determination in false tax
> return cases.  Klausner reaffirmed that the materiality of
> allegedly false statements on tax returns is an issue to be
> determined by the Court.  This decision has not been followed,
> however, in the other Circuits.  See United States v. Neder, 136
> F.3d 1459, 1464 (11th Cir. 1998) (First, Fifth, Seventh, Ninth,
> and Eleventh Circuits all hold that materiality under § 7206(1)
> is a question for the jury); see also United States v. Zvi, 168
> F.3d 49, 59 (2d Cir. 1999) (reiterating rule in this Circuit that
> materiality is for the Court; noting disagreement with other
> Circuits).  In light of the legal uncertainty surrounding this issue,
> the Government respectfully submits that, unless the defense
> requests otherwise, the issue of materiality be submitted to the
> jury.

## REQUEST NO. 22

### Filing False Tax Returns: Fourth Element -- Willfulness

The Fourth element that the Government must prove beyond a reasonable doubt is that the defendant YEHEZKEL ELIA acted willfully.

In order for the Government to prove this element, it must establish beyond a reasonable doubt that the defendant acted voluntarily and intentionally, with the specific intent to make a statement that the defendant knew was false, when it was the legal duty of the defendant to answer truthfully, and the defendant knew it was his legal duty to answer truthfully.

If you find that as of the time the returns in question were filed, the Government has established all of the elements beyond a reasonable doubt as to any particular Count, then the defendant is guilty. If you find that the Government has failed to establish any one of the elements beyond a reasonable doubt as to any Count, you must find the defendant not guilty as to that Count.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 59-24; the charge of Judge Loretta A. Preska in United States v. Hundley, 02 Cr. 441 (LAP), Tr. 8880.

42

## REQUEST NO. 23

### Venue

In addition to all of the elements I have described for you, you must also decide

whether any act in furtherance of each of those crimes occurred within the Southern District

of New York, which includes Manhattan, the Bronx, Westchester County, Rockland County,

Orange County, Sullivan County, Putnam County and Dutchess County. This means that,

with regard to each count, you must decide whether the crime charged in a particular count

or any act committed to further or promote the crime, occurred within the Southern District

of New York. In this connection, I instruct you that all of Manhattan, the Bronx, Westchester

County, Rockland County, Orange County, Sullivan County, Putnam County and Dutchess

County are in the Southern District of New York.

I should note that on this issue — and this issue alone — the Government need

not prove venue beyond a reasonable doubt, but only by a mere preponderance of the

evidence. Thus, the Government has satisfied its venue obligations if you conclude that it

is more likely than not that the crime charged or any act in furtherance of the crime you are

considering for a particular count occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by

a preponderance of the evidence, then you must acquit the defendant of the charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr.
> in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991)
> (wire fraud), and from Sand, et al., Modern Federal Jury
> Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue

43

provision for offenses committed in more than one district). <u>See also</u> <u>United States</u> v. <u>Naranjo</u>, 14 F.3d 145, 147 (2d Cir. 1994) ("[P]hone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy."); <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

## REQUEST NO. 24

## General Instructions: Variance in Dates, Amounts, Facts Alleged

You will note that the Indictment alleges that certain acts occurred on or about a specific date. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Also, the Indictment alleges certain dollar amounts. Again, the law only requires a substantial similarity between the Indictment and the proof. Thus, if you find that the evidence indicates that, in fact, a different amount was involved, it is for you to determine whether the difference was material.

> Adapted from the charge of Judge Martin in United States v. Lawless, S2 96 Cr. 522 (JSM) (S.D.N.Y. May 14, 1997), Tr. 346; from the charge of Judge Sotomayor in United States v. Lugo, S2 96 Cr. 521 (S.D.N.Y. April 10, 1997), Tr. 555.

45

**REQUEST NO. 25**

**General Instructions: Limiting Instruction -- Expert Testimony
(Only If Qualified As An Expert)**

You have heard testimony from Agent Frank Stamm, who testified as an expert. An expert is allowed to express his opinion on those matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept any of these witnesses' testimony merely because they are experts. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you. In addition, you must follow my instructions on the law. To the extent my instructions differ from an expert's view of the law, you should disregard the expert's view of the law and follow my instructions.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

46

## REQUEST NO. 26

## General Instructions: Limiting Instruction -- Charts and Summaries

Some of the exhibits in this case are charts and summaries. These charts and summaries were admitted merely as analyses and summaries of documents previously admitted and of certain testimony previously heard, and in some instances, to set forth in detail Agent Stamm's conclusions and calculations that he summarized orally. These charts and summaries are offered to assist you as visual or organizational aids. They are not themselves, however, direct evidence of the transactions. They are graphic demonstrations of the underlying testimony and documents. Thus it is the underlying evidence which determines what weight, if any, these charts and summaries deserve. It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and exhibits upon which they are based. It is also for you to decide what weight to give the underlying evidence. You are entitled to consider the charts and summaries if you find that they assist you in analyzing and understanding the evidence.

> Adapted from the charge of Judge John Walker in United States
> v. Helmsley, 88 Cr. 219 (JMW), Tr. 19 (S.D.N.Y. 1989), and
> Sand, Modern Federal Jury Instructions, Instr. 5-13.

47

## REQUEST NO. 27

### General Instructions: Defendants' Right Not to Testify
### [If requested by the defense]

The defendant(s) did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

## REQUEST NO. 28

### Uncalled Witness -- Equally Available

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and as to whom there was no stipulation about what they would testify to if they appeared. I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7. See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

## REQUEST NO. 29

### Preparation Of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## REQUEST NO. 30

## Persons Not On Trial

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from Judge Werker's charge in <u>United States</u> v. <u>Barnes</u>, S 77 Cr. 190 (S.D.N.Y. Nov. 29, 1977).

51

## REQUEST NO. 31

## Investigative Techniques

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

> See also United States v. Regan, 103 F.3d 1072 (2d Cir. 1997); United States v. Rosado, 728 F.2d 89 (2d Cir. 1984).

52

## REQUEST NO. 32

### Accomplices Called By The Government

You have heard a witness who testified that she was actually involved in carrying out the crimes charged in the indictment. There has been a great deal said about this so-called accomplice witness in the summations of counsel regarding whether or not you should believe her.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others, and that without such witnesses it would often be difficult or impossible to detect or prosecute wrongdoers.

For those very reasons, the law allows the use of accomplice testimony, and such testimony is properly considered by the jury. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony established guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with special caution. Like the testimony of any other witness, an accomplice's testimony should be given weight as it deserves in light of all the facts and circumstances.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However,

53

let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

The fact that a witness is an accomplice should be considered by you as bearing on his or her credibility. However, it does not follow that simply because a person has admitted participation in one or more crimes he or she is incapable of giving a truthful version of what happened. You should of course consider whether the testimony was motivated by reward or self-interest or hostility to the defendant.

You should ask yourselves whether the so-called accomplice would benefit more by lying, or by telling the truth. Was his/her testimony made up in any way because they believed or hoped that he/she would somehow receive favorable treatment by testifying falsely? Or did she believe that her interests would be best served by testifying truthfully? If you believe that a particular witness was motivated by hopes of personal gain, was the motivation one which would cause her to lie, or was it one which would cause her to tell the truth? Did this motivation color her testimony?

You should reject the testimony if you find it was false. However, if, after a cautious and careful examination of the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly. You may also accept parts and reject other parts of an accomplice's, or *any* witness's, testimony.

54

One final note in this regard: You have heard testimony and arguments regarding agreements between the government and certain witnesses. It is no concern of yours why the government made an arrangement with a witness. Your sole concern is whether a witness has given truthful testimony in this Court before you.

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to an accomplice witness.

Adapted from 1 Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions* ¶ 7.01, Instr. 7-5.

## REQUEST NO. 33

## Redaction Of Evidentiary Items
## (If applicable)

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

## REQUEST NO. 34

### <u>Stipulations</u>
### (If applicable)

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true.

> Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instrs. 5-6, 5-7.

## **CONCLUSION**

The United States respectfully requests the Court to include the foregoing

charges in its legal instructions to the jury.

Dated:      White Plains, New York
            May 3, 2008

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York

                        Cynthia K. Dunne
                        Seetha Ramachandran
                        Assistant U.S. Attorneys
                        Tel.: (914) 993-1913