**JARED J. SCHARF**
ATTORNEY AT LAW
1025 WESTCHESTER AVENUE, SUITE 305
WHITE PLAINS, NEW YORK 10604

(914) 682-9777

JARED J. SCHARF

ADAM L. SCHARF*

*NY, NJ BARS

**MEMO ENDORSED**

June 6, 2008

<u>VIA IN HAND DELIVERY</u>

Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

          Re: United States v. Elia
             Docket No. 07 Cr. 543 (KMK)

Dear Judge Karas:

  At our pre-trial conference June 4, the Court directed that I write a letter today concerning various topics, including the date the government first delivered to defendant Elia records regarding New York State sales tax fraud, federal payroll tax fraud, and failure to file income tax returns in years subsequent to 2002, as well as defendant's trial objections, and defendant's objection to a variance between the proof and the indictment.

**Delivery Dates of Evidence of Other Alleged Tax Frauds**

  Following our review of the government's trial exhibits, the accompanying cover letters, and our notes, we represent as follows:

    1. On May 2, 2008, we received from the government a notice of intent to use certain evidence pursuant to Rule 404(b). That letter said nothing in regard to evidence of sales tax fraud, payroll tax fraud, or failure to file income tax returns.

JARED J. SCHARF

Honorable Kenneth M. Karas
June 6, 2008                    Page 2

2. On May 2, 2008, we received from the government a computer disc containing thousands of marked exhibits. We found nothing among those exhibits that reasonably would have alerted us to the government's intention to offer evidence of sales tax or payroll tax fraud or failure to file income tax returns in subsequent years.

3. We did find on the May 2 disc various unsigned sales tax returns and payroll tax returns prepared by Paul Lenok. We have found no such returns signed by Yehezkel Elia. We believe that these returns are inadmissible as they cannot be linked to Elia as statements he adopted as true. We informed the government that we do not agree to stipulate to the authenticity of these documents. We certainly intend to object to these documents on the grounds of relevance. If our objections are overruled, we continue to assert that these documents are inadmissible as evidence of other tax frauds because, standing alone, they do not constitute adequate notice pursuant to the Court's Order of March 28.

4. On May 28 and 29 and June 2, we received for the first time the overwhelming portion of items that clearly signal an intent to prove sales tax and payroll tax fraud and willful failure to file income tax returns in years subsequent to the indictment years. That signal also may have been communicated to the defense on May 23 in the government's draft expert computations delivered to us that day. Those computations include in the tax liability not just alleged additional income taxes due and owing, but tax liabilities other than income tax as well. .

**Other Trial Objections**

Regarding other objections, defendant Elia intends to preserve all his objections to the items covered by our Motion in Limine, such as personal expenditures, foreign bank accounts, the Customs incident, and other crimes, wrongs and acts.

We also object to the admissibility of exhibits we have not yet seen, as described in a list we provided the government in a letter dated May 30. These items are identified in the government's exhibit list and in its requested stipulations, but they do not appear on the disc we received or in hard copy we have received. The government wrote to us on June 2 in response and stated that it had provided these items to the defense in hard copy in the last few weeks, <u>after the disc was produced</u> as "[M]any of these documents were just recently produced to the government." Other than GX 400-428, as to which we were mistaken in our May 30 letter, we do not possess these documents.

JARED J. SCHARF

Honorable Kenneth M. Karas
June 6, 2008              Page 3

**Variance**

    Count One of the indictment charges a conspiracy to defraud ("Klein conspiracy") in regard to the Final Touch business only. No conspiracy is included that pertains to Sneaker Mania, Pizza Mania or other businesses. The government announced its intention to allege that the conspiracy involves Paul Lenok and Hajrij Zherka ("Lily"). The defense objects to this as a fatal variance from the indictment. It is clear that any conspiracy in which Paul Lenok and Hajrij Zherka would have participated necessarily would have included Sneaker Mania and Pizza Mania, as well as Final Touch.

    In addition, Counts 25-28, which charge violations of Section 7206(1), describe the material false statements that constitute the violations as being underreporting of income and receipts. The government maintains that the material false statements also include checking the "No" box regarding control over foreign bank accounts. The counts do not make that allegation.

    These "interpretations" of the indictment constitute fatal variances between the expected proof and the charges and ought to be excluded pursuant to the Fifth Amendment. .

    Thank you very much.

Respectfully,

Jared J. Scharf

cc: Cynthia K. Dunne, Esq. (via in hand delivery)
    Joseph A. Vita, Esq. (via first class mail)

*The Clerk of Court is respectfully requested to docket this letter.*

SO ORDERED
KENNETH M. KARAS U.S.D.J.
6/17/08