**MEMO ENDORSED**

**JARED J. SCHARF**
ATTORNEY AT LAW
1025 WESTCHESTER AVENUE • SUITE 305
WHITE PLAINS, NEW YORK 10604
(914) 682-9777

JARED J. SCHARF

ADAM L. SCHARF*

*NY, NJ BARS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

June 23, 2008

VIA TELECOPIER 390-4152

Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

        Re:    United States v. Elia et al.
                Docket No. 07 Cr. 543 (KMK)

Dear Judge Karas:

      I write this letter in response to the government's letter to the Court, which we received today at 5:28 p.m.

      As to the government's four-page chronology of pre-indictment and post-indictment discovery, we disagree almost entirely. We lack the time to document our position. If it is an issue, we can document our position after the trial. In short, during the pre-indictment period, we worked out all the upward and downward adjustments for plea purposes; but we were far apart on tax loss. We offered to prove a far lesser tax loss if we had our invoices. We believed at that time (late 2005 or early 2006) that the government possessed all our invoices from the search. We requested the search invoices to prove that our purchases were greater than the amount the government was willing to give us credit. Delays in paying for copying are not relevant. Those delays consumed a matter of a few weeks only so Elia could raise the funds he needed to pay for the massive copying. The government's delays before it agreed to make available to us the seized invoices were far greater.

Honorable Kenneth M. Karas
June 23, 2008          Page 2

When we finally received the invoices, we were shocked to discover how many invoices were omitted. We wanted to negotiate a plea in good faith, and we expected to prove a lesser tax loss based on all the invoices. The government led us to believe that it was providing us all the invoices, meaning that all the invoices had been seized. Perhaps the government was not aware that was not correct, or perhaps the government already had served its grand jury subpoenas upon the manufacturers to determine whether all the invoices had been seized.

Thereafter, we did not demand discovery of invoices the government had obtained via grand jury subpoenas. We requested those numerous additional invoices as part of the government's invitation to us to show it that the tax loss was less than the government believed it to be. We never said that the government agreed to produce pre-indictment grand jury records. We did say that the government invited us to show that the tax loss was less than the government claimed, toward that end we asked for the search and seizure invoices, and when we found that they were substantially less than complete, we informed the government that its invitation to prove a lesser tax loss is empty and was a waste of our time since the government did not provide us the complete set of invoices. This is consistent with our statements at trial, including in our opening statement, that the government never paid attention to the invoices, never added them up to prove purchases under the proper method of accounting (accrual method of accounting) and instead relies improperly on the cash method of accounting.

The fact that the government was not required to produce the invoices received via grand jury subpoena until after indictment is irrelevant to our contention. The government invited us to prove a lesser tax loss, agreed to provide us the invoices from the search and seizure to enable us to do that, but did not inform us that the seized invoices were incomplete. And the government did not provide us the necessary evidence (the invoices obtained by grand jury subpoena), but implied that the search invoices would be sufficient. I maintain that we are entitled to be upset by this cynical ploy to waste massive amounts of our accountant's time and Mr. Elia's money.

Other parts of the government's History of the Proceedings appear to "respond" to things we did not say. The fact that I am Mr. Elia's third attorney is a non-issue, as I was retained by Mr. Elia and have been his only attorney for this case since April, 2005.

We persist in our belief that the government thwarted (by design or by unintentional delay) our ability to prepare for trial properly, given our resources. The government's excuses for interviewing witnesses late and, therefore, obtaining documents late, are not persuasive. The case was indicted in June, 2007. This process should have been completed. The government could not properly rely on the belief that the trial would take place in the fall. As a result of the government's late discovery of numerous items, our own trial preparations were seriously impaired at a time when the

Honorable Kenneth M. Karas
June 23, 2008          Page 3

government was aware that our expert witness was unavailable. The government began a deluge of late discovery on May 27, 2008, continuing virtually every day to the present. Even as late as today, the government seeks to introduce new exhibits. Having received our expert's computations, the government wishes to plug holes in its expert's computations, and, toward that end, now requests that we stipulate to yet additional items.

### Herbert Eis

Eis's testimony is offered not to impeach Lily in violation of the collateral evidence rule. It is offered to prove that she was, indeed, on the premises at times that she first denied she was present and later claimed she could not recall. Her presence in the premises while she no longer worked for Sneakermania is an essential part of Elia's defense as she had an opportunity to remove invoices. Your Honor previously ruled that Eis's testimony is admissible.

### Supplemental Jury Requests

We object to the government's supplemental jury request. We have not argued to the jury that the search was illegal and do not plan to do so.

In light of Mr. Stamm's anticipated testimony, as we glean it from his computations, we expect to submit jury instructions on methods of accounting.

### Sales Taxes

We object to the government's expert computations to the extent they indicate sales tax deficiencies. We believe your Honor has previously ruled that this evidence shall be excluded as part of the ruling granting our motion in limine in part.

Respectfully,

Jared J. Scharf

*The Clerk is respectfully requested to docket this letter.*

*So Ordered.*
*KMK 6/24/08*

cc: Cynthia K. Dunne, Esq.
    Joseph A. Vita, Esq.