# Buchanan Ingersoll & Rooney PC
Attorneys & Government Relations Professionals

**Stuart P. Slotnick**
212 440 4435
stuart.slotnick@bipc.com

620 Eighth Avenue, 23rd Floor
New York, New York 10018-1669
T 212 440 4400
F 212 440 4401
www.buchananingersoll.com

August 11, 2008

**VIA HAND DELIVERY & ECF**
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street. Room 533
White Plains, New York 10601

Re:   **United States v. Yehezkel Elia (07-CR-543)(KMK)**

Dear Judge Karas:

      We respectfully write in response to the government's opposition to Mr. Elia's motion for release. In its response, the government raises three principal arguments in support of its contention that Mr. Elia is a risk of flight to Israel where he holds dual citizenship. First, the government contends that Mr. Elia, a businessman with multiple retail outlets in New York, has been generous to his ex-wife and assisted his children in purchasing residential real estate. Second, the government contends that Mr. Elia has not provided details of bank deposits in Israel which the government does not identify. Third, while now admitting, albeit tacitly, that Mr. Elia would be extraditable, the government alleges that according to an unnamed person within the Department of Justice, Israeli authorities could demand as a condition of extradition of an Israeli citizen that Mr. Elia be permitted to serve his sentence in Israel.[1] None of these arguments has merit.

      Mr. Elia has never denied that he has been successful in his business endeavors or that he has provided generous support to his ex-wife and children. We have been informed that the payments to his wife's account noted by the government were related to a divorce settlement which left his ex-wife with cash assets and real property. Furthermore, the government's

---

[1] The government's unfounded concern that Mr. Elia could serve his sentence in Israel glosses over the fact that such a condition of extradition would only be possible if Mr. Elia was a "resident of Israel at the time the crimes were committed." Notwithstanding the government's unsubstantiated guesswork that "it is likely that he also maintained a residence in Israel," the statement is nothing more than incorrect speculation.

Pennsylvania :: New York :: Washington, DC :: Virginia :: Florida :: New Jersey :: Delaware :: Ohio : California

The Honorable Kenneth M. Karas
August 11, 2008
Page - 2 -

conjecture that Mr. Elia must have provided all the down payment for his daughter's New York City apartment is both incorrect and irrelevant to the question of whether Mr. Elia will flee to Israel and leave his daughter homeless. To the contrary, the fact that Mr. Elia and his family have invested in residential real estate in New York, which the government can seize if he flees, supports the opposite conclusion.

Nor is the prospect of potential logistical extradition issues a rationale for saying Mr. Elia is a risk of flight to that country. The government now complains that extradition can take over one year, is a right that allegedly cannot be waived under the treaty, and might result in Elia serving his sentence in an Israeli prison with parole. None of these contentions, even if true, goes to the question of whether Mr. Elia will be able to avoid future appearance in this court even if he decided to flee. Moreover, the prospect of serving a sentence in an Israeli jail and receiving parole would certainly not induce flight when measured against the enhanced sentence he would certainly receive after extradition as a result an indictment for bail jumping or compensate for the loss of the assets pledged by him and his family. In fact, taken at face value, the government's response is that anyone who holds dual American-Israeli citizenship should be denied bail pending sentencing even if the defendant and his family live in the United States, the crimes were committed in the United States and the conviction was procured after a jury trial in the United States because the extradition protocols negotiated with the United States are inadequate or burdensome.

The government's contention that it can support the extraordinary sentence of 78-97 months after a Fatico hearing on the tax loss is unfounded and relies on a number of mistakes by the government including: (1) its reliance on a cash method of accounting when Mr. Elia's businesses utilized an accrual method of accounting; (2) its overestimate of taxes due in Tax Year 2002 which represents a large portion of the loss figure put forward by the government, but which does not include expenses and purchases Mr. Elia's accountant has been working to detail for sentencing. Mr. Elia also intends to establish that from 2003 to the indictment his businesses operated at a far smaller profit than the government has suggested.

The Honorable Kenneth M. Karas
August 11, 2008
Page - 3 -

Conclusion

        Based on the foregoing, Mr. Elia respectfully requests that he be granted release pending sentencing.

                                              Respectfully,

                                              Stuart P. Slotnick

                                              Respectfully,

                                              Jared J. Scharf

cc:    Cynthia Dunne, A.U.S.A. (via facsimile 914 993-1980 & First Class Mail)
        Seetha Ramachandran, A.U.S.A. (via facsimile 212 637-2937 & First Class Mail)
        Cynthia Monaco, Esq.