UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA

        v.                                          07 Cr. 543 (KMK)

YEHEZKEL ELIA and
DAVID ELYAHO,

              Defendants.                  **NOTICE OF MOTION**
-----------------------------------------------------------x

      PLEASE TAKE NOTICE that, upon the attached Declaration of Jared J. Scharf, and the exhibits attached thereto, and accompanying Memorandum of Law, the undersigned will move this Court, before the Honorable Kenneth M. Karas, United States District Judge for the Southern District of New York, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, on the 12th day of September, 2008, at 10:00 a.m., or at a date and time to be determined by the Court, for an Order granting a new trial and for judgment of acquittal.

      This motion is made pursuant to pursuant to Rules 33(a) and 29 Federal Rules of Criminal Procedure.

Dated: White Plains, New York
          August 26, 2008

                                                  _____
                                                  Jared J. Scharf
                                                  1025 Westchester Avenue
                                                  White Plains, New York 10604
                                                  (914) 682-9777,

                                                  Attorney for Defendant Yehezkel Elia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

        v.                                              07 Cr. 543 (KMK)

YEHEZKEL ELIA and
DAVID ELYAHO                            **DECLARATION OF**
                                                                     **JARED J. SCHARF**

                Defendants.

-------------------------------------------------------x

      JARED J. SCHARF, being duly sworn, declares under penalties of perjury, pursuant to 28 U.S.C. 1746, that the following is true and correct:

      1. I am the attorney for defendant Yehezkel Elia. I make this Declaration in support of defendant Elia's motion for a new trial.

      2. By Order dated July 28, 2008, the Court permitted Elia to file his motion within 30 days. A copy of that Order is attached hereto as Exhibit A.

      3. During the trial, the defense submitted various proposed jury instructions and supplemental proposed jury instructions. I was unable to locate these proposed jury instructions in the court's electronic case filing system.

      4. On June 25, 2008, I submitted to the Court the Proposed Jury Instructions in behalf of Defendant Yehezkel Elia. Attached hereto as Exhibit B is a copy of the Proposed Jury Instructions in behalf of Yehezkel Elia.

5. On June 27, 2008, I submitted to the Court the Supplemental Proposed Jury Instructions in behalf of Defendant Yehezkel Elia. Attached hereto as Exhibit C is a copy of the Supplemental Proposed Jury Instructions in behalf of Yehezkel Elia.

_____
Jared J. Scharf

Dated: White Plains, New York
August 25, 2008

# EXHIBIT A

**JARED J. SCHARF**
ATTORNEY AT LAW
1025 WESTCHESTER AVENUE • SUITE 305
WHITE PLAINS, NEW YORK 10604

---

(914) 682-9777

**MEMO ENDORSED**

JARED J. SCHARF

---

ADAM L. SCHARF *

*NY, NJ BARS

July 24, 2008

Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

    Re:   *United States v. Elia*
            *Docket No. 07 Cr. 543 (KMK)*

    Defendant Yehezkel Elia respectfully submits this letter to request permission for leave to file out of time a motion for a new trial pursuant to Rule 33(a) and (b)(2), Federal Rules of Criminal Procedure.

    Our motion would be based upon unbalanced jury instructions regarding method of accounting and on insufficiency of evidence. The Court never gave the jury instruction the defense submitted with respect to the method of accounting.

    Finally, we renew the arguments we raised at the end of the government's case-in-chief and at the close of all the evidence, pursuant to Rule 29, Fed. R. Crim. Proc.

    Due to the above-mentioned reasons, the defense respectfully requests that leave be granted to file a motion pursuant to Rule 33 out of time

    Thank you very much.

                                             Respectfully,

                                             Jared J. Scharf

*Handwritten endorsement:* Mr. Elia has 30 days to file his Rule 33 motions. So Ordered; [signature] 7/28/08

cc: Cynthia K. Dunne, Esq.
    Joseph A. Vita, Esq.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA

       v.                                             07 Cr. 543 (KMK)

YEHEZKEL ELIA and
DAVID ELYAHO,

              Defendants.
------------------------------------------------------------x

## PROPOSED JURY INSTUCTIONS IN
## BEHALF OF DEFENDANT YEHEZKEL ELIA

Defendant Elia respectfully submits the following proposed Jury Instructions necessitated by the proof adduced at trial:

Dated: White Plains, New York
       June 25, 2008

                                                                     Respectfully submitted,

                                                                     Adam L. Scharf
                                                                     1025 Westchester Avenue
                                                                     White Plains, New York 10604
                                                                     (914) 682-9777
                                                                     Attorney for Defendant Elia

**Personal Expenditures Used to Prove Income**

The government has introduced evidence of defendant Elia's personal expenditures to establish that the taxable income reported by the defendant on his income tax returns is not true and correct. By this method, the government seeks to establish that the defendant spent an amount greater than the amount reported on his income tax returns as being available for spending. In other words, the government claims that the defendant could not have spent the amount that he did in a given year unless he had more income than the defendant reported on his return for that year.

Under this method, the first step is to add up and total the amounts that the defendant spent during a given year. The next step is to subtract from the total amount spent: (1) any funds that the defendant had on hand at the beginning of the year which were spent during the year; (2) any monies received by a conversion into cash of assets that were on hand at the beginning of the year; and (3) any nontaxable funds received during the year.

The government claims that a reasonable approximation of the taxable income the defendant should have reported is the amount remaining after personal deductions, exemptions, and adjustments are subtracted from the defendant's income computed on the basis I have just explained to you.

Defendant Elia claims that the government did not determine, and, therefore, did not subtract from his personal expenditures funds that defendant had on hand at the beginning of the year which were spent during the year, monies that were received by a conversion into cash of assets that were on hand at the beginning of the year, and any nontaxable funds received during the year.

United States Attorney's Manual, Chapter 9, Criminal Tax Manual, Jury Instructions, Instruction No. 169.

**Corporate Distributions**

When a corporation distributes cash to a shareholder, the funds so distributed may be characterized either as returns of capital, capital gain distributions, or dividends. Among these, dividends are fully taxable as income. Capital gains distributions are taxable at lower rates. Returns of capital are not taxable at all. In order to determine whether a corporate distribution is a dividend, a capital gain distribution or a return of capital, the government must establish the corporation's earnings and profits for the year.

Title 26, United States Code (Internal Revenue Code), Sections 301(a) and (c), 316(a).

A defendant is not required to show that either he or the corporation that distributed funds to him intended a capital return when the distribution occurred, for the purpose of defeating the tax deficiency element of the tax evasion or false returns offenses.

*Boulware* v. *United States*, ___ U.S. ___, 128 S. Ct. 1168, 1180, 1182, 170 L. Ed.2d 34 (March, 2008) (overruling *United States* v. *Miller*, 545 F.2d 1204 (9th Cir. 1976)) see also, *United States* v. *D'Agostino*, 145 F.3d 69, 72 Cir. 1998) (holding that corporate funds lawfully diverted to a shareholder constitute taxable income only to the extent that he corporation had earnings and profits during the tax year in which the diversion occurred).

      Bad intentions alone are not punishable. The diversion of funds cannot constitute a criminal offense, despite criminal intent, if no taxes are due.

*United States* v. *D'Agostino*, 145 F.3d 69, 73 (2d Cir. 1998)

**Method of Accounting**

Taxable income is computed by using the same method of accounting that the taxpayer used to compute his/her income, as long as such accounting method clearly reflects income. In this case, the defendant reported taxable income and deductible expenses on the accrual method of accounting.

Under the accrual method of accounting, income is to be included in the taxable year when all events have occurred which fix the right to receive such income and the amount of the income can be determined with reasonable accuracy. Similarly, deductions are allowable for the taxable year in which all the events have occurred which establish the fact of liability giving rise to such deduction and the amount of the deduction can be determined with reasonable accuracy. When income is actually received or an expense is actually paid is irrelevant in the accrual method of accounting.

United States Attorney's Manual, Chapter 9, Criminal Tax Manual, Jury Instructions, Instruction No. 195.

26 United States Code (Internal Revenue Code) Sections 446, 461(a)
Treasury Regulations on Income Tax, Sec 1.461-1(a)(2)  (26 C.F.R.)

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA

        v.                              07 Cr. 543 (KMK)

YEHEZKEL ELIA and
DAVID ELYAHO,

        Defendants.

------------------------------------------------------------x

## SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS
## IN BEHALF OF DEFENDNAT YEHEZKEL ELIA

Defendant Yehezkel Elia respectfully requests that the Court instruct the jury as follows:

Respectfully submitted,

Jared J. Scharf
1025 Westchester Avenue
White Plains, New York 10604
914-682-9777

Dated: White Plains, New York
         June 27, 2008

**Accrual Method of Accounting Required for Taxpayers that Use Inventories**

Sneaker Mania, Pizza Mania and Final Touch reported inventories. The use of inventories in computing income requires the accrual method of accounting in determining the cost of goods sold if a substantial part of the purchases is made on credit.

*Boynton* v. *Pedrick*, 136 F. Supp. 888, 891 (S.D.N.Y. 1954);
*Galeridge Construction, Inc.* v. *Commissioner*, T.C. Memo 1997-240, 1997 WL 269574, at 10 (U.S. Tax Court 1997);
*Golden Gate Litho* v. *Commissioner*, T.C. Memo 1998-184 1998 WL 246411, *6 (U.S. Tax Court 1998);

**Defendant's Theory of the Case**

Defendant Yehezkel Elia argues that the government failed to prove that sales proceeds taken from the stores were not used to purchase merchandise that he used in his stores, that the government did not obtain all the invoices and, therefore, could not account for all the purchases, that the government employed the wrong method of accounting in reconstructing his income, and that he maintained accurate records that he provided to his income tax return preparer and therefore could not have willfully entered into a conspiracy to defraud the United States, could not have willfully evaded his income taxes, and could not have willfully subscribed to materially false income tax returns.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

       v.                                                      07 Cr. 543 (KMK)

YEHEZKEL ELIA and
DAVID ELYAHO

                                                         **AFFIDAVIT OF SERVICE**

                Defendants.

-------------------------------------------------------x

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER  ) ss:

        CHRISTINA A. OGANDO, being duly sworn, deposes and says:

        1. I am not a party to this action and I am over the age of 18.

        2. On August 26, 2008, I served a true copy of the attached Motion For a New Trial, together with accompanying Declaration of Jared J. Scharf, exhibits annexed thereto and supporting Memorandum of Law, by ECF and First Class Mail delivery to the following persons at the following address:

                Cynthia Dunne
                Assistant United States Attorney
                United States Attorney's Office
                300 Quarropas Street
                White Plains, New York 10601

                Joseph A. Vita, Esq.
                327 Irving Avenue
                Port Chester, New York 10573

                                                                       CHRISTINA A. OGANDO

Sworn to before me on this
26th day of August, 2008

_Kelley T. Mikulak_
Notary Public

KELLEY T. MIKULAK
Notary Public, State of New York
No. 02MI6099075
Qualified in Putnam County
Commission Expires 09/22/200?