# Buchanan Ingersoll ∧ Rooney PC
Attorneys & Government Relations Professionals

Stuart I. Slotnick
212 440 4435
stuart.slotnick@bipc.com

```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____      │
│ DATE FILED: _____     │
└─────────────────────────────┘
```

620 Eighth Avenue, 23rd Floor
New York, NY 10018-1669
T 212 440 4400
F 212 440 4401
www.buchananingersoll.com

August 15, 2008

**VIA FACSIMILE & ECF**
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601

## MEMO ENDORSED

Re:   **United States v. Yehezkel Elia - Docket No. 07-CR-543 (KMK)**

Dear Judge Karas:

      We respectfully write to request that the Court permit Mr. Elia daily leave from the Westchester County Jail between the hours of 9 a.m. and 7 p.m. for a period of two weeks, during which time he will be escorted, supervised, and relegated to the custody of two armed security personnel from United Security Incorporated (USI). See www.usisecurity.com. USI has previously provided armed escort of defendants and related house-arrest monitoring in both the Southern and Eastern Districts of New York. USI also conducts significant security work for the Bureau of Prisons, the United States Marshals Service, and many other federal agencies. As we previously outlined to the Court, this request is occasioned by the serious problems facing Mr. Elia's businesses which he intends to begin to address in the two-week period of daily supervised release, which the defense submits eliminates any risk of flight. It is the defendant's expectation that within this two-week period, he and his attorneys will have compiled the documents and information that the Court indicated would be necessary to consider granting bail pending sentencing.[1] Yesterday, we communicated the substance of our interim two-week request to the United States Attorney's Office and provided the name and website of USI.

      However, given the serious matters to which Mr. Elia must attend, we are seeking the above-requested relief to enable Mr. Elia to immediately secure his businesses and consequently to permit him to focus on the significant sentencing issues on which he must present evidence. Among the business matters Mr. Elia will begin to address are his need to: (1) facilitate the sale of the Center for Safety, train the new owner, and re-bid on the high school contracts referenced in our August 4, 2008 letter to the Court; (2) review several retail store inventories and train his son Jonathan Elia in the inventory process; (3) teach

---

[1] The Court denied bail pending sentencing to Mr. Elia citing Mr. Elia's ties to Israel as raising a risk of flight, among other factors. This Court also expressly permitted Mr. Elia to make a further application after addressing questions concerning the possible existence of Israeli assets, a process that is already being undertaken. We expect the process of collecting records and information from Israel will take several weeks.

Jonathan Elia the billing, merchandising, employee scheduling, and payroll processing systems; (4) order merchandise for the Christmas season and resolve outstanding issues with suppliers and vendors with whom he has not had contact during his confinement; (5) introduce Jonathan Elia to his business contacts and vendors; (6) transfer signatory authority to his son on company accounts and introduce Jonathan Elia to his bank contacts; (7) negotiate the termination of the Sneaker Outlet lease and the extension of the leases of Last Touch and Sneakermania; (8) negotiate with the contractor over improvements to the new stores; and (9) arrange insurance for all stores. In sum, Mr. Elia seeks daily leave in order to run his retail business and to teach his son to take over the running of that business which employs approximately fifty (50) employees. Finally, Mr. Elia hopes to meet with his accountant, who is not permitted attorney visits, to prepare outstanding tax returns and to gather information necessary for his Fatico hearing.

      The defense chose USI on the advice of former AUSAs in the Eastern District of New York, including a current partner at this firm who cited the company as having been involved in providing supervision to defendant Michael Avellino in United States v. Avellino, et al, 97-CR-1062 (DRH). We have spoken with Carmine Aquila, a founder and President of USI, who has confirmed that USI provides licensed and registered New York State armed security personnel, all of whom are former law enforcement agents, and can do so for Mr. Elia during his business hours. Mr. Aquila has informed us that USI has undertaken armed escort work of defendants in both the Eastern and Southern Districts of New York and that USI is qualified by and has contracted with the United States Marshals Service and Federal Bureau of Prisons to take custody of prisoners outside of Federal detention facilities. Mr. Aquila further informed us that USI provides building security for the Security Exchange Commission and also for fourteen (14) buildings covered by Federal Protective Services on Long Island, New York. Mr. Aquila has provided a letter, which we attach, and is available to discuss his firm's qualifications and past case assignments with the Court.

      While on daily release, counsel for Mr. Elia propose that he be subject to the following restrictions among any others that the Court deems appropriate:

1. Mr. Elia shall be permitted to leave the Westchester County Jail for a two-week period from 9 a.m. to 7 p.m. every day, starting on the date this application is granted.

2. Mr. Elia must be escorted and supervised by two USI armed guards at all times when he is not in the custody of the Westchester County Jail.

3. Mr. Elia must comply with all oral or written requests, restrictions, or commands of the two USI armed guards.

4. Failure to comply, in any way, with any requests of the two USI armed guards will require USI to immediately return Mr. Elia to the Westchester County Jail and notify the Government and the Defense immediately.

5. USI's armed guards shall be in the room with Mr. Elia at all times and within sight of USI's guards at all times.

We are available for a telephone conference if your Honor requires any further information.

                            Respectfully,

                            *Stuart P. Slotnick/cmm*

                            Stuart P. Slotnick

Encl.

cc:    Cynthia Dunne, Esq. (via email, facsimile 914 993-1980 & First Class Mail)
       Seetha Ramachandran, Esq. (via email, facsimile 212 637-2937 & First Class Mail)

---

*[Handwritten order:]*

Mr. Elia's latest request for bail, based largely on the proffer of private armed guards to ensure that he will not flee, is denied. The Court previously denied Mr. Elia's request based on factors that are not addressed by private guards. For example, Mr. Elia had not been forthcoming about the extent and whereabouts of his assets. That issue, among others, needs to be confronted before Mr. Elia can seriously request bail. Moreover, the proposal to use armed guards raises more questions than it answers. Among others, the Court finds it curious that Mr. Elia would pay people to guard him, and wonders what parameters would be in place for the use of any force by these Elia-paid guards. Again, this denial is without prejudice.

So Ordered.

                            8/28/08

#386878-v1